**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CESAR APARICIO CALEL-BAUTISTA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  16-73194 <br><br> Agency No. A205-720-035 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022[**]

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Cesar Aparicio Calel-Bautista, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Calel-Bautista failed to establish a likelihood of future persecution. *See Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010) ("[Petitioner's] perceived fear of future persecution is not objectively reasonable."); *Gui v. INS*, 280 F.3d 1217, 1230 (9th Cir. 2002) (petitioner failed to establish a clear probability of future persecution where many years had passed since his departure from home country). Thus, Calel-Bautista's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Calel-Bautista failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We decline to reach Calel-Bautista's contention, raised for the first time in his reply brief, that the BIA failed to consider evidence. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020) (petitioner waived a claim first challenged in the reply brief).

16-73194

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED**.