**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NANCY HAYDEE GRAVE ESCOBAR,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.    16-70857<br><br>Agency No. A206-682-636<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]
Pasadena, California

Before:  TASHIMA and LEE, Circuit Judges, and CARDONE,[***] District Judge.

Nancy Haydee Grave Escobar, a native and citizen of Guatemala, petitions

for review of a decision of the Board of Immigration Appeals (BIA or Board),

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanamously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

[***]        The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

dismissing her appeal of a decision of the Immigration Judge, who denied her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The BIA did not err in concluding that Escobar failed to establish eligibility for relief based on membership in a particular social group. *See Nguyen v. Barr*, 983 F.3d 1099, 1101 (9th Cir. 2020) (stating that whether a proposed particular social group is cognizable is a question of law reviewed de novo); *Parada v. Sessions*, 902 F.3d 901, 909 (9th Cir. 2018) ("To be eligible for asylum, [a petitioner] must establish that . . . [s]he is "unable or unwilling to return to [Guatemala] 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" (quoting *Melkonian v. Ashcroft*, 320 F.3d 1061, 1064 (9th Cir. 2003))). Escobar failed to establish that her proposed social group of Guatemalan business owners likely to be harmed for their resistance to cooperation with criminal gangs is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Macedo Templos v. Wilkinson*, 987 F.3d 877, 882 (9th Cir. 2021) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)); *see id.*

2

at 881–83 (rejecting petitioner's proposed social group of wealthy business owners in Mexico who resisted extortion).

Similar to *Macedo Templos*, there is no evidence that Escobar's proposed social group is regarded by society as socially distinct. *Id.* at 882. Nor is the group defined with particularity because, as Escobar acknowledged, the gang members extorted many different people. *See id.* ("[T]he proposed group lacks particularity because it could include large swaths of people and various cross-sections of a community.").

As the Board reasoned, Escobar did not establish that the harm was on account of a protected ground because the record showed that the harm "relate[d] to criminality focused on extortion and financial gain." *See id.* at 883 (finding no nexus to a protected ground where the evidence showed that "criminals in Mexico will target anyone they believe can pay, regardless of their victim's background or reason for their wealth"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). The Board's further finding that Escobar did not establish that "the persecution was committed by the government, or by forces that the government was unable or unwilling to control," *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020) (quoting

3

*Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010)), is supported by substantial evidence because Escobar never reported the threats to the police. Because Escobar has failed to establish eligibility for asylum, her claim for withholding of removal also fails. *See id.* at 1142 ("An applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal, which involves showing by a 'clear probability' that the petitioner's life or freedom would be threatened in the proposed country of removal."). Escobar also failed to establish eligibility for CAT relief because she provided no evidence that it is more likely than not that she in particular would be subject to harm amounting to torture by, or with the acquiescence of, a government official if she returned to Guatemala. *Garcia v. Wilkinson*, 988 F.3d 1136, 1147 (9th Cir. 2021).

The petition for review is **DENIED.**