**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JAN 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GERSON ECHEVERRIA,

              Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No.   17-71751

Agency No. A095-750-694

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2022[**]

Before:    WALLACE, TALLMAN, and BYBEE, Circuit Judges.

Gerson Echeverria, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings and his motion to reconsider the denial of sua sponte

reopening. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

of discretion the denial of a motion to reopen or to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

Echeverria does not challenge, and therefore waives, the BIA's determinations that the motion to reopen and motion to reconsider were untimely, the motion to reopen was number-barred, he did not establish a regulatory exception to the time limitation for filing a motion to reopen, and he did not raise a factual or legal error to warrant reconsideration. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Echeverria also waives a challenge to the denial of reopening based on ineffective assistance of counsel and error by the immigration judge. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020) (petitioner waived review of issue raised for the first time in reply brief).

The BIA did not abuse its discretion in denying Echeverria's motion to reconsider where he failed to identify any error of law or fact in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(1); *Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004) ("A petitioner's motion to reconsider must identify a legal or factual error in the BIA's prior decision.").

We do not consider the materials Echeverria references and submits for the first time in his reply brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

17-71751

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**