**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS MIGUEL RAMIREZ-VALDEZ, | No. 18-72276 |
| | 19-72230 |
| Petitioner, | |
| | Agency No. A088-967-691 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 22, 2023[**]
San Francisco, California

Before: FRIEDLAND, BADE, and KOH, Circuit Judges.

Carlos Miguel Ramirez-Valdez, a native and citizen of El Salvador, petitions

for review of an order of the Board of Immigration Appeals ("BIA") affirming the

decision of an immigration judge denying his application for withholding of

removal (No. 18-72276), as well as for review of the BIA's denial of his motion to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen removal proceedings (No. 19-72230). We deny the petitions.

1. The BIA did not err in denying his application for withholding of removal on the ground that the proposed particular social group is not cognizable. Substantial evidence supports the BIA's conclusions that the proposed social group is not defined with sufficient particularity and is not socially distinct. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020). The record does not compel a contrary conclusion. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1089-91 (9th Cir. 2013) (en banc). Because this issue is dispositive of Ramirez-Valdez's withholding of removal claim, we need not reach his other arguments. *See Nguyen v. Barr*, 983 F.3d 1099, 1104 (9th Cir. 2020).

2. The BIA did not abuse its discretion in denying Ramirez-Valdez's motion to reopen because Ramirez-Valdez did not establish prima facie eligibility for cancellation of removal. *See Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010); 8 U.S.C. § 1229b(b). The BIA reasonably concluded that Ramirez-Valdez's son's birth certificate and school schedule did not show how his removal would cause "exceptional and extremely unusual hardship" to a U.S. citizen relative. 8 U.S.C. § 1229b(b)(1)(D). This did not constitute impermissible factfinding by the BIA; the BIA is required to determine whether the evidence before it presents a prima facie case for eligibility. *See Garcia*, 621 F.3d at 912. Because this is dispositive of Ramirez-Valdez's motion to reopen, we need not

18-72276

reach his other arguments. *See INS v. Doherty*, 502 U.S. 314, 323 (1992).

**Petitions DENIED.**