**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE BARRETO-ALONSO,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-469<br><br>Agency No.<br>A205-297-854<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 18, 2023[**]
Portland, Oregon

Before: RAWLINSON, BEA, and SUNG, Circuit Judges.

Jose Barreto-Alonso (Barreto-Alonso), a native and citizen of Mexico,

petitions for review of a decision of the Board of Immigration Appeals (BIA)

dismissing his appeal of the denial by an Immigration Judge (IJ) of withholding

of removal and relief under the Convention Against Torture (CAT).[1]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] In his opening brief, Barreto-Alonso does not contest the agency's denial of

We review the agency's denial of withholding of removal and CAT relief for substantial evidence. *See Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). The agency's findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (citation and internal quotation marks omitted).

"Absent evidence of past persecution," Barreto-Alonso "must establish a well-founded fear of future persecution by showing both a subjective fear of future persecution, as well as an objectively reasonable possibility of persecution upon return to [Mexico]." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (citation and internal quotation marks omitted). "However, an applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality and under all the circumstances it would be reasonable to expect the applicant to do so." *Id.* (citation, alterations, and internal quotation marks omitted). Barreto-Alonso "had the burden of proving that such relocation would not be possible or reasonable." *Id.* (citations and footnote reference omitted). Thus, the issue of internal relocation "is dispositive." *Id.* at n.2.

Barreto-Alonso does not meaningfully challenge the BIA's ruling that he

---

asylum based on the untimely filing of his asylum application. Barreto-Alonso, therefore, has waived any challenge to the agency's denial of asylum. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020).

failed to contest the IJ's denial of withholding of removal "based on a failure to demonstrate that he suffered from past persecution or that he could not reasonably relocate within Mexico." As a result, Barreto-Alonso has waived any challenge to these dispositive findings supporting the agency's denial of withholding of removal. *See Dawson v. Garland*, 998 F.3d 876, 880 n.2 (9th Cir. 2021).

Substantial evidence supports the denial of CAT relief. Barreto-Alonso's assertion that CAT protection was warranted because he "has already been beaten and threatened" is belied by the record. During his removal proceedings, Barreto-Alonso testified that he left Mexico when he was eight years old, has not returned to Mexico, and was never harmed or threatened when he resided in Mexico.

Additionally, Barreto-Alonso's argument that the Mexican government does not protect its citizens from cartel violence, did not establish government acquiescence as is required for CAT relief. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

**PETITION DENIED.**