**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 28 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LINQIANG YU,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1235

Agency No.
A201-191-173

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 16, 2023[**]
Portland, Oregon

Before: TALLMAN and RAWLINSON, Circuit Judges, and RAKOFF, District
Judge.[***]

Linqiang Yu (Yu), a native and citizen of China, petitions for review of a

decision of the Board of Immigration Appeals (BIA) dismissing his appeal of

the denial of asylum by an Immigration Judge (IJ).  Yu contends that the

---

[*]    This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

agency's adverse credibility determination is not supported by substantial evidence.

"We review the agency's factual findings, including credibility determinations, for substantial evidence." *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (citation omitted). "Under this standard, findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (citation and internal quotation marks omitted). "Thus, only the most extraordinary circumstances will justify overturning an adverse credibility determination." *Id.* (citation and internal quotation marks omitted).

"Inconsistencies in an applicant's testimony may support an adverse credibility determination. So too may an applicant's omission of information from a written application or interview that is later revealed through testimony. . . ." *Id.* at 1297 (citations omitted).

In determining that Yu was not credible, the BIA identified several inconsistencies in Yu's testimony, as well as a significant omission in Yu's asylum statement.[1] In a letter, Yu's father stated that he and Yu have been persecuted on account of their religious activities, and that he "left China for Argentina" approximately "a month" after Yu's April 2006 arrest for

---

[1] Although Yu maintains that he provided reasonable explanations for any deficiencies in his testimony, "the IJ and [BIA] were not compelled to accept [his] explanation[s]." *Hong Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (citation omitted).

participating in unauthorized "Christian home church activities." However, Yu testified that his father resided in a different region in China from 2006 to 2008, prior to leaving for Argentina.[2] The BIA identified additional inconsistencies in Yu's testimony regarding the date of his arrest by Chinese authorities and his church attendance in the United States.

During his removal hearing, Yu also stated for the first time that, after his arrest by Chinese authorities, he was required to report to the police each month for four years, although he made no mention of this requirement in his asylum statement. The BIA properly relied on this omission, coupled with Yu's inconsistent testimony, as a basis for concluding that Yu was not credible. *See id.*

Finally, the BIA adopted the IJ's findings that Yu was "evasive when asked about his interview with an asylum officer." "[W]e must give special deference to the IJ's determination that this aspect of [Yu's] testimony was less than candid. . . ." *Id.* at 1300 (citation and internal quotation marks omitted).

Under the totality of the circumstances, substantial evidence supports the agency's adverse credibility determination based on Yu's inconsistent testimony, and the remainder of the record does not compel the conclusion that

---

[2] Yu asserts that inconsistencies concerning his father had minimal bearing on his credibility because they "relate[d] to a third party." However, the BIA correctly held that "the father's whereabouts were central to [Yu's] claim; the police allegedly required [Yu] to report monthly after his arrest because they wanted information about [Yu's] father."

22-1235

Yu has faced persecution in China or will face persecution if returned to China.

*See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021).

**PETITION DENIED.**[3]

---

[3] Yu waived any challenge to the BIA's denial of relief under the Convention Against Torture, "because he did not contest this aspect of the [BIA's] decision in his opening brief." *Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020).