NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARVIN MELGAR-VELASQUEZ, | No. 21-1131 |
| Petitioner, | Agency No. A088-761-264 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 13, 2023[**]
Pasadena, California

Before: WALLACH,[***] CHRISTEN, and OWENS, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Evan J. Wallach, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

Petitioner-Appellant Marvin Melgar-Velasquez ("Petitioner"), a native and citizen of Guatemala, applied for cancellation of removal, asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and voluntary departure. The Immigration Judge ("IJ") denied all his requested relief. Petitioner appealed to the Board of Immigration Appeals ("Board") the IJ's denial of cancellation of removal, asylum, and withholding of removal, but not the IJ's denial of relief under CAT. The Board adopted, supplemented, and affirmed the IJ's decision.

Petitioner timely seeks our review only of the denial of withholding of removal and relief under CAT. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Regarding CAT, we decline to consider Petitioner's substantive arguments against the IJ's denial of relief under CAT because Petitioner failed to exhaust his arguments regarding CAT before the Board as required by 8 U.S.C. § 1252(d)(1). "Failure to raise an issue in an appeal to the [Board] constitutes a failure to exhaust remedies with respect to that question" under 8 U.S.C. § 1252(d)(1). Zara v. Ashcroft, 383 F.3d 927, 930 (9th Cir. 2004) (cleaned up), abrogated in part by Santos-Zacaria v. Garland, 598 U.S. 411, 419 (2023); see also Bare v. Barr, 975 F.3d 952, 960 (9th Cir. 2020) (noting exhaustion requires the Board to have had sufficient notice as to what is being challenged that it has the

2

opportunity to "pass on this issue" (citation omitted)). The Supreme Court recently held that Section 1252(d)(1)'s limitation of the ability of appeals courts to consider argument for non-exhausted issues is not jurisdictional, but is rather a claim-processing rule. Santos-Zacaria, 598 U.S. at 419. We have enforced Section 1252(d)(1) as a mandatory claim-processing rule where lack of exhaustion before the Board is properly raised on appeal. See Umana-Escobar v. Garland, 69 F.4th 544, 550 (9th Cir. 2023) ("A claim-processing rule may be 'mandatory' in the sense that a court must enforce the rule if a party properly raises it." (quoting Fort Bend County, Texas v. Davis, 587 U.S. ----, 139 S. Ct. 1843, 1849 (2019))). The Board found on administrative appeal that Petitioner had abandoned his substantive arguments against the IJ's adverse CAT determination, and before us the government has properly raised Petitioner's failure to exhaust his argument against the IJ's CAT denial. Petitioner does not contest the Board's abandonment finding on appeal. We therefore enforce the rule in Section 1252(d)(1) and decline to review the substantive merits of Petitioner's eligibility for relief under CAT.

2. Regarding withholding of removal, the Board did not err in affirming the IJ's denial because there is substantial evidence that the asserted particular social group ("PSG") is not defined with particularity. We review the Board's factual findings for substantial evidence. 8 U.S.C. § 1252(b)(4)(B); Umana-Escobar, 69 F.4th at 550. Particularity is a required characteristic of a claimed PSG to

establish a claim for withholding of removal on account of membership in a PSG. Matter of M-E-V-G-, 26 I. & N. Dec. 227, 237–38 (BIA 2014). Particularity requires characteristics that "provide a clear benchmark for determining who falls within the group," and that "the relevant society must have a 'commonly accepted definition' of the group." Nguyen v. Barr, 983 F.3d 1099, 1103 (9th Cir. 2020) (quoting Matter of W-G-R-, 26 I. & N. Dec. 208, 214 (BIA 2014)). Particularity "is relevant in considering whether a group's boundaries are so amorphous that, in practice, the persecutor does not consider it a group." Henriquez-Rivas v. Holder, 707 F.3d 1081, 1091 (9th Cir. 2013) (en banc). "The ultimate question is whether a group can accurately be described in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons." Id. (cleaned up).

The Board determined Petitioner's asserted PSG of "Guatemalan males who relentless[ly] resist gang recruitment and violence" lacks particularity because it is amorphous and overbroad. We agree.

Petitioner argues that his asserted PSG is not too amorphous because members are easily identified by their actions in the face of gang harassment, extortion, or other violence, by persecution when they resist recruitment, and by their "unrelenting defiance." We disagree because, just like the "young men in El Salvador resisting gang violence" in Santos-Lemus v. Mukasey, Petitioner's

4

asserted PSG is "not limited to [] men who have been recruited by gangs, but also includes any [] men who for any reason resist gang violence and intimidation" and "is composed of a variety of different individuals who may be victims of civil unrest, but who do not form a cohesive or particular social group." 542 F.3d 738, 746 (9th Cir. 2008) (holding the "proposed group includes a sweeping demographic division . . . [and] is too broad and diverse to qualify as a particular social group"), abrogated on other grounds by Henriquez-Rivas, 707 F.3d at 1093. Petitioner's asserted PSG is no less sweeping a demographic division nor less broad and diverse than that in Santos-Lemus.

Therefore, there is substantial evidence for the Board's conclusion, and we affirm denial of withholding of removal.

**PETITION DENIED.**