NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS GILBERTO LEIVA,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-1515<br><br>Agency No.<br>A095-718-507<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 28, 2024**
Pasadena, California

Before: GRABER, IKUTA, and FORREST, Circuit Judges.

Petitioner Carlos Gilberto Leiva, a native and citizen of El Salvador, seeks

review of the Board of Immigration Appeals' decision affirming the immigration

judge's denial of his applications for asylum, withholding of removal, and protection

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture (CAT). We have jurisdiction over this timely petition for review under 28 U.S.C. § 1252(a), and we review the agency's factual findings for substantial evidence and its legal conclusions de novo. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under the substantial evidence standard, we will reverse a factual finding only if the evidence "compels a contrary conclusion." *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010), *overruled on other grounds by Bringas-Rodriguez v. Sessions*, 850 F.3d 1051 (9th Cir. 2017) (en banc). We deny the petition for review.

1. ***Asylum and Withholding.*** Asylum applicants must establish "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Singh v. Garland*, 57 F.4th 643, 652 (9th Cir. 2023) (citations and internal quotation marks omitted). An applicant must demonstrate "both a subjective fear of future persecution, as well as an objectively 'reasonable possibility' of persecution upon return to the country in question." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (quoting *Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1190 (9th Cir. 2005)).

Substantial evidence supports the agency's denial of asylum and withholding of removal because Leiva failed to show an objectively reasonable possibility of future harm on account of his membership in a proposed particular social group of former gang members who have publicly spoken out against gang membership and

violence. A particular social group is one "that is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180 (9th Cir. 2021) (citations and internal quotation marks omitted). Leiva's proposed group is not cognizable. In the context of actual gang membership, "the category of non-associated or disaffiliated persons . . . is far too unspecific and amorphous to be called a social group." *Arteaga v. Mukasey*, 511 F.3d 940, 946 (9th Cir. 2007). Likewise, publicly speaking out describes a range of conduct so broad it fails to "provide a clear benchmark for determining who falls within the group." *Nguyen v. Barr*, 983 F.3d 1099, 1103 (9th Cir. 2020) (citation omitted). Because Leiva failed to show that a protected ground would be "a reason" or "one central reason" for harm, the agency properly denied asylum and withholding of removal. *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023).

Substantial evidence also supports the agency's alternative conclusion that, even if the proposed social group were cognizable, Leiva failed to show that the Salvadoran authorities will recognize him as a gang member. Leiva's major gang tattoos are on his chest and back, and he did not produce any evidence that authorities randomly search for gang-related tattoos under people's clothing. The agency reasonably concluded that authorities were unlikely to notice the "faint" tattoo "on his left elbow area," especially because Leiva has no "other outwardly apparent

identifying features of Salvadoran gang members that would make him identifiable by the authorities." Additionally, Leiva's brother—also a former gang member with a gang-related tattoo on his chest—has lived in El Salvador without harm for more than a decade. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743 (9th Cir. 2008) ("We have considered the continuing safety of family members to be an important factor in determining whether a petitioner has a well-founded fear of future persecution."), *overruled in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). Moreover, unlike the petitioner in *Henriquez-Rivas*, Leiva did not testify against gang members in open court or speak about gang members in an analogous way. *See Henriquez-Rivas*, 707 F.3d at 1092.

Because Leiva fails to qualify for asylum by showing a "'reasonable possibility' of future persecution," he "necessarily fails to satisfy the more stringent standard for withholding of removal." *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021) (quoting *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004)).

2. ***CAT.*** We also deny the petition for review as to CAT relief because Leiva failed to show that it is "more likely than not that he . . . would be tortured if removed" to El Salvador. 8 C.F.R. § 208.16(c)(2). Torture is "more severe than persecution," *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) (citation omitted), and the record does not compel the conclusion that Leiva will be tortured if he is returned to El Salvador.

**PETITION DENIED.**