NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUISA CALMO RAMIREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-148

Agency No.
A216-572-926

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 29, 2024**
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

Luisa Calmo Ramirez, a native and citizen of Guatemala, seeks review of the

Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's

(IJ) denial of asylum, withholding of removal, and relief under the Convention

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). Under the substantial evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1. <u>Asylum and withholding of removal.</u> By failing to raise the issue in her opening brief, Calmo Ramirez has waived any challenge to the agency's determination that she failed to establish that the Guatemalan government is unwilling or unable to control the gang members who harmed her. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020) (issues not raised in the opening brief are waived). Her failure to do so is dispositive of her applications for asylum and withholding of removal. *See Rodriguez Tornes v. Garland*, 993 F.3d 743, 750–51 (9th Cir. 2021); *Vitug v. Holder*, 723 F.3d 1056, 1065 (9th Cir. 2013).[1]

In any event, substantial evidence supports the agency's denial of Calmo Ramirez's asylum and withholding of removal claims because she failed to establish the requisite nexus between her past or feared harm and a statutorily protected

---

[1] Petitioner has also similarly waived any challenge to the BIA's denial of humanitarian asylum, by failing to raise the issue in her briefing.

ground.  The record supports the agency's conclusion that the gang members who harmed her were neither motivated by her race, as an indigenous Guatemalan, nor her membership in her proposed particular social group (PSG), "indigenous Mam speaking Mayans," but rather by criminal objectives—i.e., robbery and the desire to recruit her partner to join their ranks.

The IJ concluded that although Calmo Ramirez was unfortunately ridiculed for her indigenous background and lack of fluency in Spanish, this derision alone does not establish that the harm she suffered was on account of her race or ethnicity, or status as an indigenous Mam speaking Mayan. *See Parussimova v. Mukasey*, 555 F.3d 734, 742 (9th Cir. 2009).  Substantial evidence supports the agency's conclusion that, in each isolated incident, Calmo Ramirez was merely a victim of generalized crime. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

2. <u>CAT.</u>  Although she makes a passing reference to CAT protection in her jurisdictional statement, issue statement, and statement of the case, Calmo Ramirez has waived any challenge to the BIA's denial of CAT relief by failing to meaningfully raise the issue in her opening brief. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (holding that the petitioner "waived any argument as to her CAT claim by failing to 'specifically and distinctly' discuss the

matter in her opening brief" (quoting *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005))). We thus deny the petition on the claim for CAT relief.

3. Issues not properly before the court. Calmo Ramirez raises numerous other issues that are not properly before this court. Although she contends that the record evidences harm rising to the level of past persecution, the BIA did not reach that issue. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review confined to the grounds relied on by the BIA). She also argues that her proposed PSG is sufficiently particular and socially distinct, but the BIA implicitly assumed that her PSG is cognizable. Finally, invoking the "principle of non-refoulement," Calmo Ramirez maintains that the IJ's framework for evaluating PSG claims is violative of "international norms, and the prior pronouncements of the Supreme Court," and that BIA precedent conflicts with certain "international interpretations." Because Calmo Ramirez failed to exhaust these arguments before the BIA and the government timely raised § 1252(d)(1), we cannot consider them for the first time on review. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023) (holding that, although 8 U.S.C. § 1252(d)(1)'s exhaustion requirement is not jurisdictional, it is still subject to the rules regarding waiver and forfeiture); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

**PETITION DENIED.**[2]

---

[2] Calmo Ramirez's motion to stay removal, Dkt. 4, is denied. The temporary stay of removal shall remain in place until the mandate issues.