**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

MINH P. NGUYEN,

*Petitioner*,

v.

WILLIAM P. BARR, Attorney General,
*Respondent.*

No. 17-72197

Agency No.
A045-849-861

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 19, 2020
Honolulu, Hawaii

Filed December 21, 2020

Before:  J. Clifford Wallace, Carlos T. Bea, and
Mark J. Bennett, Circuit Judges.

Opinion by Judge Wallace

# SUMMARY[*]

## Immigration

Denying Minh Nguyen's petition for review of the Board of Immigration Appeals' denial of his applications for asylum and withholding of removal, the panel held that Nguyen waived review of the Board's discretionary denial of asylum relief, and that the Board properly concluded that Nguyen's proposed social group comprised of "known drug users" was not legally cognizable because it lacks particularity.

Nguyen asserted a fear of persecution in Vietnam, including possible placement in a compulsory drug rehabilitation center, based on his prior drug use history and criminal record.

The panel held that Nguyen waived review of the Board's discretionary denial of asylum relief by failing to contest that aspect of the Board's decision in his opening brief, and instead raising it for the first time in his reply brief.

The panel also held that the Board correctly concluded that Nguyen's proposed social group of "known drug users" lacked particularity under the standards set forth in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014) and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). The panel explained that "drug" and "user" are broad terms that cause the proposed group to lack definable boundaries and to be

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

amorphous, overbroad, diffuse, or subjective. The panel observed that although Nguyen asserted that the term "drug" encompassed any narcotic that is illegal in Vietnam, he did not provide any evidence on the Vietnamese societal view, or Vietnamese criminal law, for which drugs could lead to compulsory rehabilitation. The panel also agreed with the Board that the term "user" is vague and could vary broadly based on the amount and frequency of an individual's drug use, and could encompass first-time users, occasional users, habitual users, or rehabilitated individuals like Nguyen.

## COUNSEL

Carmen DiAmore-Siah (argued), Law Office of Carmen Di Amore-Siah, Honolulu, Hawai'i, for Petitioner.

Tim Ramnitz (argued), Attorney; Jennifer P. Levings, Senior Litigation Counsel; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

WALLACE, Circuit Judge:

Minh Nguyen petitions from the Board of Immigration Appeals' (Board) denial of his applications for asylum and withholding of removal.

Nguyen is a native citizen of Vietnam. He was admitted to the United States through a family-based visa petition as a lawful permanent resident in 1997. Nguyen has an extensive criminal record that eventually caused the

Department of Homeland Security (Department) to initiate removal proceedings. After numerous hearings, the Immigration Judge (IJ) granted Nguyen's applications for asylum and withholding of removal. The IJ held that Nguyen had established his membership in a cognizable particular social group: known drug users. The IJ also held that Nguyen had established a well-founded fear of future persecution due to the 2008 repatriation agreement between the United States and Vietnam, which requires the United States to share a deportee's criminal record, and due to Vietnam's policy of placing known drug users in compulsory rehabilitation centers. The IJ acknowledged that Nguyen had been sober for ten years, so it was not clear whether Vietnam would consider him to be a current drug user in need of rehabilitation; nonetheless, she found a sufficient risk of persecution.

The Board reversed and held that the IJ committed clear error by granting the applications. The Board reasoned that Nguyen's proposed particular social group lacks particularity. The Board also determined that the IJ clearly erred in her decision that Nguyen had established a well-founded fear of future persecution because there was no evidence that prior users "with old conviction records are similarly targeted" for compulsory drug rehabilitation. Finally, the Board held that the IJ erred in her decision that Nguyen merited asylum as a matter of discretion, because she did not consider his lengthy criminal record or his mother's residency in Vietnam. Nguyen petitions us for review of the Board's denial of his applications for asylum and withholding of removal.

We have jurisdiction pursuant to 8 U.S.C. § 1252. Our review is limited to the Board's decision where it "conducts its own review of the evidence and law rather than adopting

the IJ's decision . . . except to the extent that the IJ's opinion is expressly adopted." *Reyes v. Lynch*, 842 F.3d 1125, 1140 (9th Cir. 2016) (citation and quotation marks omitted). We review the IJ's factual findings for substantial evidence. *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007). We review questions of law, such as whether a proposed particular social group is cognizable, de novo. *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010). We deny the petition for review.

I.

Nguyen became a lawful permanent resident of the United States in 1997, but he was never naturalized. Nguyen has been arrested numerous times in five different states for offenses such as theft, domestic violence, possession of controlled substances, public intoxication, and driving under the influence. Nguyen visited his family in Vietnam in 2014. When he attempted to reenter the United States, Customs and Border Patrol deemed Nguyen to be an applicant for admission due to one of his drug convictions.

The Department served Nguyen with a Notice to Appear for removal proceedings and charged him as inadmissible due to his controlled substance offense identified by Customs and Border Patrol, pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II). He admitted five of the six allegations contained in the notice. Nguyen applied for cancellation of removal for certain permanent residents, pursuant to 8 U.S.C. § 1229b(a), as well as asylum, withholding of removal, and relief pursuant to the Convention Against Torture (CAT). Nguyen insisted that he feared returning to Vietnam because he is a Buddhist and a member of two proposed particular social groups. The first proposed group is comprised of "relatives of soldiers that

directly opposed the communist government," and the second is comprised of "known drug users."

Subsequently, Nguyen conceded that he was ineligible for a waiver of inadmissibility. Consequently, Nguyen's merits hearing before the IJ focused on his applications for asylum, withholding of removal, and CAT status. Nguyen's brother testified about the family's Buddhist practice, their mother's continued adherence to Buddhism once she returned to Vietnam in 2010, and Nguyen's trip to Vietnam in 2014 when he performed a Buddhist ritual without interference from the Vietnamese government. His brother believed that Nguyen might encounter problems with the Vietnamese government upon his repatriation due to his criminal record and drug use, but Nguyen's brother acknowledged that he did not know the law in Vietnam. Nguyen testified about his fear of removal due to his criminal record and drug use history, as well as his desire not to live in Vietnam because he believes "life in Vietnam is very difficult." Even so, he admitted to visiting Vietnam in the past without incident.

After the hearing before the IJ, Nguyen sought to withdraw his applications for relief and agreed to return to Vietnam if the U.S. government would not notify the Vietnamese government of his convictions. The Department insisted that the case proceed to the merits to resolve his religious persecution claim and because it could not find a direct flight from Hawaii to Vietnam to ensure Nguyen's return to Vietnam. At a hearing preceding the IJ's decision, Nguyen waived his application for CAT status after the IJ notified the parties that she would grant at least Nguyen's application for asylum. Ultimately, the IJ granted Nguyen's applications for asylum and withholding of removal. However, the IJ rejected Nguyen's alleged fear based on his

Buddhism and political opinions, and she found him ineligible for cancellation of removal.

The Department appealed to the Board. It challenged the particular social group finding and the well-founded fear of future persecution finding, emphasizing that Nguyen had not presented any evidence that he would be placed in a drug rehabilitation center or that placement in a center would qualify as persecution. The Department also argued that Nguyen did not merit a favorable exercise of discretion for his asylum application due to his lengthy and serious criminal record. The Board sustained the Department's appeal. The Board held that the IJ clearly erred in her findings and reversed the grant of Nguyen's applications. Nguyen petitions for review of the Board's denial of his applications for asylum and withholding of removal.

Nguyen argues two points in his petition for review. The first is that the Board erred in holding that his proposed particular social group of "known drug users" is not cognizable. The second is that the Board erred in holding that Nguyen had not established a well-founded fear of future persecution.

II.

We first hold that Nguyen has waived review of the Board's discretionary denial of asylum because he did not contest this aspect of the Board's decision in his opening brief. Nguyen cannot preserve this issue for review when he raised it for the first time in his reply brief. *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004) (holding that issues not raised in a petitioner's opening brief are waived). Our review of the discretionary denial of asylum is, therefore, waived.

## III.

The Board's rejection of Nguyen's proposed particular social group as not cognizable was correct. Nguyen argues that the Board misapplied its precedent regarding "social visibility" because he would become "visible" to Vietnamese prosecutors due to the repatriation agreement that requires disclosure of his criminal record. We reject this nonsensical argument, as it conflates the particularity factor with the social distinction factor. Nguyen also impermissibly attempts to change his argument in his reply brief, wherein he argues that the Board applied the particularity factor too narrowly and ignored a commonsense understanding of drug user. We disagree. The Board was correct in rejecting Nguyen's proposed group as lacking particularity.

The Attorney General has discretion to grant asylum to a refugee pursuant to the Immigration and Nationality Act. 8 U.S.C. § 1158(b)(1)(A). To qualify as a refugee, Nguyen must prove that he is unwilling or unable to return to Vietnam due to "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." § 1101(a)(42). Membership in the group must be "at least one central reason" for Nguyen's feared mistreatment. § 1158(b)(1)(B)(i); *see also Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009). To qualify for withholding of removal, Nguyen must demonstrate that his life would be threatened if he were removed to Vietnam because of one of five enumerated grounds, including membership in a particular social group. 8 U.S.C. § 1231(b)(3)(A); *see also Reyes*, 842 F.3d at 1132 n.3 (establishing the existence of a cognizable particular social group is a separate requirement from establishing

membership in the group). For purposes of withholding, membership in the group must be "a reason" for Nguyen's feared mistreatment. 8 U.S.C. § 1231(b)(3)(C); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

The phrase "particular social group" is ambiguous. *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1083 (9th Cir. 2013). Thus, the IJ's and the Board's interpretation of that term is entitled to *Chevron* deference, so long as it is reasonable. *Id.* at 1087 (holding that the Board's construction must be accepted if reasonable, even if not the best interpretation). We have endorsed two companion Board decisions that clarified the elements underlying the particular social group analysis: *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014) and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). *See Reyes*, 842 F.3d at 1135 ("[T]he BIA's interpretation of *W-G-R-* and *M-E-V-G-* of the ambiguous phrase 'particular social group' . . . is reasonable and entitled to *Chevron* deference"). Therefore, when we review the particular social group determination in an individual case, we ask the legal question of whether the IJ or the Board reasonably applied the *W-G-R-* and *M-E-V-G-* standard in a manner consistent with precedent.

In *Matter of M-E-V-G-*, the Board held that the applicant must establish that the group in which membership is claimed must be: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." 26 I. & N. Dec. at 237.

In *Matter of W-G-R-*, the Board further defined each factor. *See* 26 I. & N. Dec. at 212–18. The common immutable characteristic has been defined as one "that the members of the group either cannot change, or should not be

required to change because it is fundamental to their individual identities or consciences." *Id.* at 212 (citation omitted). The particularity element requires characteristics that "provide a clear benchmark for determining who falls within the group," wherein the relevant society must have a "commonly accepted definition[]" of the group. *Id*. at 214. "The group must also be discrete and have definable boundaries—it must not be amorphous, overbroad, diffuse, or subjective." *Id*. Social distinction requires evidence "that society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group." *Id*. at 217; *see also Cordoba v. Barr*, 962 F.3d 479, 482–83 (9th Cir. 2020).

We affirm the Board's holding that Nguyen failed to establish "known drug users" as a cognizable particular social group under the standard set forth in *W-G-R-* and *M-E-V-G-*. The Board was correct that Nguyen's proposed group lacked particularity. Even if we ignore the ambiguity of the term "known," "drug" and "user" are broad terms that cause the proposed group to lack definable boundaries and to be amorphous, overbroad, diffuse, or subjective. Nguyen asserts that "drug" encompasses any narcotic that is illegal in Vietnam. Yet he does not provide any evidence on the Vietnamese societal view, or Vietnamese criminal law, for which drugs could lead to compulsory rehabilitation.

We also agree with the Board that the term "user" is vague and could vary broadly based on the amount and frequency of an individual's drug use. It could encompass first-time users, occasional users, habitual users, or rehabilitated individuals like Nguyen. Finally, Nguyen's focus on "social visibility" misses the mark. The Board explicitly based its denial on Nguyen's failure to establish a cognizable particular social group due to the lack of

particularity of "known drug user" rather than lack of social distinction. Ultimately, *W-G-R-* and *M-E-V-G-* are clear that Nguyen bears the burden of proving the alleged "particular social group" is particularized, socially distinct, *and* based on an immutable characteristic. He failed to satisfy that burden.

We affirm the Board's denial of Nguyen's applications for asylum and withholding of removal. We do not reach the question of whether the Board erred in rejecting Nguyen's well-founded fear of persecution because he failed to establish a cognizable particular social group.

**DENIED**.