**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARELY MARLIZETH PERALTA
GUTIERREZ, AKA Arely Marlizeth
Peralta,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 18-71046

Agency No. A208-947-850

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2020**
Pasadena, California

Before:  BEA, THAPAR,*** and COLLINS, Circuit Judges.

Arely Marlizeth Peralta Gutierrez ("Peralta"), a native and citizen of

Mexico, petitions for review of the decision of the Board of Immigration Appeals

("BIA") affirming the order of the Immigration Judge ("IJ") denying her

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

*** The Honorable Amul R. Thapar, United States Circuit Judge for the U.S. Court
of Appeals for the Sixth Circuit, sitting by designation.

application for withholding of removal.[1]  We have jurisdiction under § 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, and we deny the petition.

To establish her eligibility for withholding of removal, Peralta had to show that, if removed to Mexico, she would likely suffer persecution "because of [her] race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1231(b)(3)(A); *see also id*. § 1231(b)(3)(C).  Before the agency, Peralta asserted that she would be persecuted on account of her membership in two proposed social groups—*viz*., "single women in households" and "women in households where men are not present."  She based this contention on the repeated harassment that she had experienced between the ages of 12 and 16 from a man in her town known as "El Güero."  The BIA affirmed the IJ's denial of withholding of removal, holding that Peralta's proposed social groups were "insufficiently particularized to meet the particularity requirement for a legally cognizable particular social group" and that, in any event, she had failed "to demonstrate the requisite nexus" between the alleged harassment and her membership in these proposed groups.  In addressing this decision, we review the

---

[1] The BIA also rejected Peralta's application for relief under the Convention Against Torture, but Peralta does not challenge that ruling in her opening brief and the point is therefore forfeited.  *See Balser v. Dep't of Justice*, 327 F.3d 903, 911 (9th Cir. 2003).

agency's legal conclusions de novo and its factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).

We agree with the BIA that Peralta's proposed social groups do not satisfy the particularity requirement. Particularity means that "the social group must be defined by characteristics that provide a clear benchmark for determining who falls within the group." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1077 (9th Cir. 2020) (simplified). In other words, "the relevant society must have a 'commonly accepted definition[]' of the group." *Nguyen v. Barr*, 983 F.3d 1099, 1103 (9th Cir. 2020) (citation omitted). "'The group must also be discrete and have definable boundaries—it must not be amorphous, overbroad, diffuse, or subjective.'" *Id*. (citation omitted). Here, both of Peralta's proposed groups comprise "a variety of different individuals . . . who do not form a cohesive" group and therefore lack particularity. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 746 (9th Cir. 2008), *overruled on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

As to the first group, the phrase "single women in households" could connote many different types of individuals: those who live entirely alone; widows; those who are not married but are in romantic relationships; and those who are neither married nor in a romantic relationship. The second proposed

group—women in households where men are not present—is likewise too diffuse and amorphous. Men might not be "present" in a woman's household in a wide array of very different circumstances: they might be away for work for a brief or extended period of time; they might have abandoned their homes; they might be deceased; or they might have gone missing. The ill-defined nature of the boundaries of these groups is underscored by the fact that Peralta believed herself to be a member of both groups even though she testified that one of her adult male uncles *did* live with her in her grandmother's house in Mexico. Because these two proposed groups are defined in such an overbroad, amorphous, and diffuse manner, they lack the sort of "'sufficiently distinct'" boundaries needed to qualify as a "'discrete class of persons'" within the relevant society. *Henriquez-Rivas*, 707 F.3d at 1091 (citation omitted).

In the absence of a showing that she is a member of a "particular social group" within the meaning of the INA, *see* 8 U.S.C. § 1231(b)(3)(A), Peralta's claim for withholding of removal necessarily fails and the BIA properly rejected that claim. *Id*. § 1231(b)(3)(C) (applicant has the burden to establish the elements of a withholding claim). We therefore need not address the BIA's alternative holding that Peralta also failed to establish the requisite nexus between her proposed social groups and any asserted past or future persecution.

The petition for review is **DENIED**.

4