NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERNANDO RODRIGUEZ-RODAS, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 20-72542 Agency No. A206-628-399 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2021**
Seattle, Washington

Before: McKEOWN, MILLER, and BADE, Circuit Judges.

Fernando Rodriguez-Rodas, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") decision dismissing his

appeal from the Immigration Judge's denial of his application for asylum,

withholding of removal, and protection under the Convention against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review an agency's factual findings for substantial evidence, and "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)). We review de novo the agency's conclusions of law. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).

1.      Rodriguez-Rodas contends he is entitled to asylum and statutory withholding of removal based on his membership in the particular social group of "Salvadoran material witnesses of gang crimes."[1] *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A) (asylum); 1231(b)(3) (withholding of removal). A claim of asylum or withholding of removal based on membership in a particular social group requires the applicant to "establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)).

The BIA permissibly rejected the proposed particular social group

---

[1] Rodriguez-Rodas also sought relief based on membership in another social group and imputed political opinion, but the agency's related rulings are not before us.

"Salvadoran material witnesses to gang crimes" as not cognizable because it lacks sufficient particularity. *Cf. Nguyen v. Barr*, 983 F.3d 1099, 1103–04 (9th Cir. 2020) (rejecting proposed group of "known drug users" as "amorphous, overbroad, diffuse, or subjective"). The record evidence does not compel the conclusion that the terms "material witness" and "gang crimes" have "commonly accepted definitions" in Salvadoran society. *Reyes*, 842 F.3d at 1135 (recognizing that a particularity requires "that a particular social group have clear boundaries and that its characteristics have commonly accepted definitions"); *cf. Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (observing that membership in social group of "those who had testified against M–18 gang members in open court" could be easily verified and delimited through court records documenting the group members' testimony (emphasis removed)).

The BIA also permissibly rejected the proposed social group "Salvadoran material witnesses of gang crimes" as lacking social distinction because Rodriguez-Rodas did not present sufficient evidence that Salvadoran society perceives that group as a discrete class of persons. *See Reyes*, 842 F.3d at 1136; *Matter of M-E-V-G-*, 26 I & N Dec. at 238 ("The members of a particular social group will generally understand their own affiliation with the grouping, as will other people in the particular society.").

The BIA applied the correct legal standard in concluding that there was insufficient evidence that the particular social group had "unique vulnerability" and social distinction. *See Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020) (internal quotation marks omitted). There is no indication that the BIA failed to consider the record evidence. Its failure to specifically mention every piece of evidence does not suggest that it failed to review all of the evidence. *See Najmabadi v. Holder*, 597 F.3d 983, 990–91 (9th Cir. 2010) (rejecting the argument that the mere failure to mention evidence shows that the BIA failed to consider all the evidence). Accordingly, we affirm the BIA's decision that Rodriguez-Rodas's proposed social group of "Salvadoran material witnesses of gang crimes" is not cognizable and its denial of asylum based on the failure to establish a nexus between the alleged persecution and a protected ground.[2]

2.  Rodriguez-Rodas's failure to establish membership in a cognizable social group forecloses his statutory withholding of removal claim because even if the harm he experienced, or might experience in the future, rose to the level of persecution, he failed to show the requisite nexus to a protected ground. *See* 8 U.S.C. § 1231(b)(3); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 358–59

---

[2] Applicants for asylum and withholding of removal must show a nexus between the persecution and a protected ground. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). Because Rodriguez-Rodas has not shown the requisite nexus, we need not consider whether he experienced persecution.

(9th Cir. 2017) (holding that the protected ground need only be "a reason" for withholding of removal claims, whereas it must be "one central reason" for asylum claims). Therefore, we affirm the BIA's determination that Rodriguez-Rodas is not entitled to withholding of removal.

3. Rodriguez-Rodas also argues that he is eligible for CAT protection. To be eligible for CAT relief, Rodriguez-Rodas must show that he "will more likely than not be tortured" by or with acquiescence from public officials or others acting in an official capacity if removed to El Salvador. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020); 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Even if Rodriguez-Rodas could show he would be tortured by gang members, substantial evidence supports the BIA's finding that he failed to show that any torture would occur with the consent, acquiescence, or willful blindness of a government official or person acting in an official capacity considering evidence of El Salvador's anti-gang measures and its witness protection program that has had some success. 8 C.F.R. § 1208.18(a)(1).

**PETITION DENIED.**