NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| AROLDO GABRIEL-CARRILO, | No. 22-627 |
| Petitioner, | Agency No. A095-743-565 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2024[**]
Pasadena, California

Before: W. FLETCHER, NGUYEN, and LEE, Circuit Judges

Aroldo Gabriel-Carrilo, a native and citizen of Guatemala, seeks review of the

Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's

(IJ) denial of withholding of removal and relief under the Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

"We review questions of law, such as whether a proposed particular social group is cognizable for purposes of withholding of removal, de novo." *Macedo Templos v. Wilkinson*, 987 F.3d 877, 879 (9th Cir. 2021). And we review factual findings for substantial evidence, upholding them unless the evidence compels a contrary result. *Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021).

1. <u>Withholding of removal.</u> By failing to raise the issue in his opening brief, Gabriel-Carrilo waived any challenge to the BIA's conclusion that his proposed particular social group ("PSG")—"persons subjected to child molestation as young as five years old"—is non-cognizable, as the group is defined solely by harm common to its members. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020) (issues not raised in the opening brief are waived).

Gabriel-Carrilo's claim based upon his other PSGs fails, too. He waived any challenge to the BIA's determination that he failed to establish a "nexus" between his claimed persecution and any imputed political opinion or membership in his proposed group of "America returned Guatemalans being wealthy and particularly targeted by gangs," or his proffered familial groups. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (refusing to address an argument that the petitioner did not "specifically and distinctly" argue in his opening brief).

In any event, substantial evidence supports the agency's conclusion that Gabriel-Carrilo failed to establish that any past harm that he experienced at the orphanages was inflicted on account of a statutorily protected ground. Substantial evidence also supports the BIA's finding that Gabriel-Carrilo failed to establish that he will "more likely than not" face persecution in Guatemala on the basis of imputed political opinion or membership in his returnee or familial PSGs. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009); 8 C.F.R. § 1208.16(b)(2).

2. <u>CAT.</u> Substantial evidence supports the agency's denial of CAT relief on the grounds that Gabriel-Carrilo failed to establish that he would more likely than not be tortured upon his return to in Guatemala and that the Guatemalan government would acquiesce in such conduct. For nearly four decades, he has neither been threatened nor harmed by, nor been in contact with, anyone who previously subjected him to abuse at the orphanages; and there is no evidence that any of his perceived torturers maintain an interest in harming him, owing both to the passage of time and the fact that he is no longer a child. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) (noting that a "speculative fear of torture is not sufficient to satisfy the applicant's burden" for protection under CAT).

**PETITION DENIED.**[1]

---

[1] The motion for a stay of removal is denied.