NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 22 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADRIANA RUIZ-
GUERRERO; ALFREDO GUERRERO-
RUIZ; GENESIS GUERRERO-
RUIZ; HAILIE GUERRERO-RUIZ,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1544
22-2038

Agency Nos.
A208-308-750
A208-308-753
A208-308-751
A208-308-752

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 26, 2024
Pasadena, California

Before: GRABER and FORREST, Circuit Judges, and SELNA, District Judge.[**]

Lead Petitioner Adriana Ruiz-Guerrero and her minor children are citizens

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

of Mexico who entered the United States on July 9, 2015.[1] Ruiz-Guerrero petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal of an immigration judge's ("IJ") decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). She also petitions for review of the BIA's order denying her motion to reopen removal proceedings due to a lack of jurisdiction.

We review the agency's factual findings for substantial evidence and its legal conclusions de novo. Plancarte Sauceda v. Garland, 23 F.4th 824, 831 (9th Cir. 2022). Under the substantial evidence standard, "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Nasrallah v. Barr, 590 U.S. 573, 584 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)). We review the BIA's denial of a motion to reopen for abuse of discretion. Najmabadi v. Holder, 597 F.3d 983, 986 (9th Cir. 2010). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1.      ***Deficient Notice to Appear.*** The BIA did not abuse its discretion in denying Ruiz-Guerrero's motion to reopen. Ruiz-Guerrero received an initial Notice to Appear ("NTA") that lacked the time, date, and location of the removal proceeding. But the NTA was supplemented with a notice that fully complied with

---

[1] Ruiz-Guerrero's minor children are rider petitioners who filed independent applications for asylum and withholding of removal. Ruiz-Guerrero does not argue that the grounds of her children's claims differ from hers.

the requirements of 8 U.S.C. § 1229(a)(1)(G)(i).  Thus, the initial, defective NTA did not deprive the immigration court of jurisdiction under 8 C.F.R. § 1003.14(a). See United States v. Bastide-Hernandez, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc), cert. denied, 143 S. Ct. 755 (2023) (holding that "§ 1003.14(a) is a nonjurisdictional claim-processing rule").

      **2.**     ***Denial of Joinder.***  The IJ denied Ruiz-Guerrero's motion to join her and her co-petitioner children's cases with those of her husband and adult son.  The BIA reasoned that Ruiz-Guerrero was not prejudiced by the denial of joinder because (1) the BIA did not reach the IJ's adverse credibility finding that Ruiz-Guerrero argued would have been avoided with joinder and (2) her husband had not appealed the denial of his asylum claim.  That conclusion was not erroneous.

      Ruiz-Guerrero's argument that the BIA's ruling conflicted with the Supreme Court's holding in Garland v. Ming Dai, 593 U.S. 357 (2021), is inapposite.  That case rejected the "deemed-true-or-credible rule," which required a reviewing court to assume the truth or credibility of a petitioner's factual contentions in the absence of an explicit adverse credibility finding by the agency.  Id. at 364–65.  Here, though, the IJ did make an explicit adverse credibility finding, so Ming Dai's holding has no bearing.  Additionally, the BIA did not reach the IJ's credibility finding in its affirmance.  Ruiz-Guerrero's arguments to the contrary are unpersuasive.

### 3.    *Asylum and Withholding of Removal.*

The IJ found that Ruiz-Guerrero and her children had not suffered past persecution, and Ruiz-Guerrero did not meaningfully challenge that finding before the BIA.  Therefore, Ruiz-Guerrero's argument as to this finding is unexhausted, precluding our review.  See 8 U.S.C. § 1252(d)(1); Szonyi v. Whitaker, 915 F.3d 1228, 1233 (9th Cir. 2019) ("A petitioner's failure to raise an argument before the BIA generally constitutes a failure to exhaust . . . ."); Santos-Zacaria v. Garland, 598 U.S. 411, 416, 424 (2023) (holding that the statutory requirement for exhaustion is non-jurisdictional, but that ordinary rules of forfeiture apply).

Substantial evidence supports the agency's analysis of Ruiz-Guerrero's four proposed particular social groups: (1) "ex-employee in a legitimate business owned by a cartel, where the respondent has inadvertent knowledge of the cartel's workings," (2) "crime witnesses," (3) "police oppression," and (4) "kinship."  See Nguyen v. Barr, 983 F.3d 1099, 1102–03 (9th Cir. 2020) (stating that, for purposes of asylum and withholding of removal, a petitioner must establish membership in a cognizable particular social group).  There is no evidence that Ruiz-Guerrero or her children belong to the first two groups, because they did not show that they worked for the cartel-owned business or witnessed any crimes.  The proposed groups based on "police oppression" and "kinship" are not cognizable because they lack sufficient particularity.  See Akosung v. Barr, 970 F.3d 1095, 1103 (9th Cir. 2020)

(explaining that a proposed particular social group must be "defined with particularity," among other requirements).

We may not, and do not, consider Ruiz-Guerrero's argument that the BIA applied an improper legal test for its nexus determination because the BIA did not rely on an absence of nexus. See Santiago-Rodriguez v. Holder, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation omitted)).

4.     ***Protection Under CAT.***  A petitioner seeking withholding of removal under CAT must show that it is more likely than not that she would be tortured by or at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity if she were removed Mexico. See 8 C.F.R. §§ 208.16(c)(2), 208.18(a).  Country conditions evidence of generalized crime and gang violence is insufficient to establish future threats of torture. See Flores-Vega v. Barr, 932 F.3d 878, 887 (9th Cir. 2019) ("[Petitioner] has not shown a greater risk to [her] than any other Mexican national deported from the United States such that torture would be 'more likely than not' in [her] case.").

Here, the record does not compel the conclusion that Ruiz-Guerrero is more likely than not to be tortured with the consent or acquiescence of, or at the instigation of, a public official or other person acting in an official capacity in Mexico.  Ruiz-Guerrero does not contend that she or her children were tortured in

the past.  Likewise, Ruiz-Guerrero has not shown any official consent, acquiescence, or instigation in relation to her fears about the cartel that employed her husband.  Finally, it appears, as the agency noted, that Ruiz-Guerrero's family could relocate within Mexico to avoid conflict with the cartel.  See Tzompantzi-Salazar v. Garland, 32 F.4th 696, 705 (9th Cir. 2022) ("[I]n assessing eligibility for CAT relief, the agency must consider the possibility of relocation—without regard for the reasonableness of relocation that is considered in other types of applications (asylum and withholding of removal under the INA).").

**PETITION DENIED.**