**NOT FOR PUBLICATION**

## FILED

**UNITED STATES COURT OF APPEALS**

JUN 20 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANTOS TOMASA PABLO CALMO; B
PC,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-464

Agency Nos.
A208-311-888
A208-311-887

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2024**
San Francisco, California

Before: GOULD, TALLMAN, and R. NELSON, Circuit Judges.

Santos Tomasa Pablo Calmo (Pablo Calmo) is a native and citizen of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Guatemala.[1]  She is ethnically Mam.  She petitions for review of a Board of Immigration Appeals' (BIA) decision.  The BIA dismissed Petitioner's appeal from an Immigration Judge's (IJ) decision denying applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  We review the agency's legal conclusions de novo and its factual findings for substantial evidence.  *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020).  Under the latter standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. For an asylum claim, an applicant must prove a causal nexus between a "statutorily protected characteristic and either her past harm or her objectively tenable fear of future harm."  *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023).  These statutorily protected characteristics are limited to "race, religion, nationality, membership in a particular social group, [and] political opinion."  8 U.S.C. § 1158(b)(1)(B)(i).  The record supports the agency's decision to deny asylum.  The BIA concluded that Pablo Calmo (1) failed to show a causal nexus that any harm or threat she suffered was because she is a Mam woman and

---

[1] Pablo Calmo's minor daughter seeks to be a derivative beneficiary of Pablo Calmo's petition.  This disposition refers only to Pablo Calmo herself, but its conclusions apply equally to Pablo Calmo's daughter.

that (2) "women in Guatemala who lack male protection" was not a particular and socially distinct group.[2]

A petitioner must provide evidence that her protected characteristic was "one central reason" for either her past harm or feared future harm. *See* § 1158(b)(1)(B)(i). Pablo Calmo testified that she believed that the gangs pursued her for money, not because of her ethnicity and gender. The violent incidents that she testified to, such as threats of rape, threats to kidnap her daughter, being grabbed, harassing phone calls, and gang demands. Pablo Calmo tries to sidestep this testimony by using circumstantial evidence to claim that these gang members targeted her for her Mam ethnicity. But merely claiming that gang members commented on her appearance does not mean that they targeted her for her ethnicity. Thus, the record supports the agency's conclusion that there was no nexus.

Nor is her proposed social group "women in Guatemala who lack male protection" either particular or socially distinct. To the contrary, a group that broad is—by any understanding—"amorphous, overbroad, diffuse, or subjective." *Nguyen v. Barr*, 983 F.3d 1099, 1103 (9th Cir. 2020). Here, it would be near impossible to determine what or who would qualify as "male protection." Nor is such a group "sufficiently separate or distinct" to qualify as a particular social group. *Diaz-Torres*

---

[2] The BIA did not fully adopt the IJ's conclusions. We only consider the grounds relied upon by the BIA's conclusions. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).

*v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020). Pablo Calmo's attempt to turn "women in Guatemala who lack male protection" into a particularized social group, thus, fails for many of the same reasons that the petitioner failed when trying to turn "Guatemalan families that lack an immediate family male protector" into such a group in *Rodriguez-Zuniga*, 69 F.4th at 1016. Nothing in the record compels us to reject the BIA's asylum conclusions.

2. And because asylum is a lower standard than the withholding-of-removal standard, failure to establish eligibility for asylum is necessarily failure to satisfy the withholding standard. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

3. The record also supports the BIA's conclusions as to the CAT claim. Pablo Calmo bears the burden of showing that it was "more likely than not that . . . she would be tortured if removed to" Guatemala. 8 C.F.R. § 1208.16(c)(2). The BIA rejected her CAT claim because Pablo Calmo did not establish that she would be tortured if returned to Guatemala and did not show that she would suffer harm either inflicted by or with the consent or acquiescence of a public official. There is not substantial evidence that a public official intended to torture her. She was never detained by any official, and she did not claim that she was afraid to return to Guatemala because of its officials. And she does not point to evidence that would overcome the BIA's conclusions such that we are "compelled to conclude," contrary to the BIA, that she would be "the subject of torture" if she were returned to

Guatemala. *See Singh v. Whitaker*, 914 F.3d 654, 663 (9th Cir. 2019). And we have already affirmed prior BIA determinations that the Guatemalan government is working to combat violence against women. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1035 (9th Cir. 2014). Pablo Calmo's CAT claim thus fails.

**PETITION DENIED.**