NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENE TAPIA ORTIZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-568 <br><br> Agency No. <br> A205-718-446 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2025[**]
Pasadena, California

Before: PAEZ and R. NELSON, Circuit Judges, and LASNIK, District Judge.[***]

Petitioner Rene Tapia Ortiz petitions for review of a Board of Immigration

Appeals (BIA) decision denying his "Motion to Reconsider and Reopen Removal

Proceedings *Sua Sponte* and Stay of Removal." The BIA's refusal to exercise its *sua*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

*sponte* authority is unreviewable in this circumstance, and we therefore dismiss the petition for lack of jurisdiction.[1]

We may only review the BIA's refusal to reopen *sua sponte* "to the limited degree that the refusal was based on legal error." *Bonilla v. Lynch*, 840 F.3d 575, 579 (9th Cir. 2016). The legal error must be "apparent on the face of the BIA's decision," and it must have led to the BIA's erroneous belief that (1) it was not allowed to use its discretion to act *sua sponte* in the matter or (2) "exercising its discretion would be futile." *Lona v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020).

While petitioner alleges legal error "[i]n the underlying proceedings," he does not point to any legal error apparent on the face of the BIA's decision not to reopen *sua sponte*. Therefore, petitioner has not placed his case within the "constricted" parameters that give us jurisdiction to review the BIA's refusal to exercise its *sua sponte* authority. *Id.* Because we lack jurisdiction in this matter, the temporary stay of removal is lifted upon issuance of the mandate. Petitioner's motion for a stay of removal is otherwise denied.

**PETITION DISMISSED.**

---

[1] Although the BIA addressed statutory reopening and reconsideration in its decision, Tapia Ortiz's petition for review only challenges the BIA's refusal to exercise its *sua sponte* authority. Therefore, we do not address statutory reopening or reconsideration. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020).