NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| EDA YAMILETH QUINTEROS ALVARADO; W.Y.B.Q., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-4367 <br><br> Agency Nos. <br> A201-781-875 <br> A201-781-876 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 4, 2025**
Pasadena, California

Before: HURWITZ, MILLER, and SUNG, Circuit Judges.

Eda Yamileth Quinteros Alvarado and her daughter, natives and citizens of

El Salvador, petition for review of a decision of the Board of Immigration Appeals

dismissing their appeal from an immigration judge's order denying their

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and relief under the Convention

Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we

review the Board's legal conclusions de novo and its findings of fact for substantial

evidence. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We deny

the petition.

1. The Board correctly concluded that petitioners' proposed particular social

group of "female, single mothers, who are involved in community activities living

in San Miguel, El Salvador" is not cognizable. The group is not defined with

particularity because there is no "clear benchmark for determining who" is or is not

involved in community activities. *Nguyen v. Barr*, 983 F.3d 1099, 1103 (9th Cir.

2020) (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 214 (B.I.A. 2014)).

Even assuming cognizability, the Board's finding that petitioners did not

show a nexus between their harm and their membership in the proposed particular

social group is supported by substantial evidence. To show nexus, a petitioner must

demonstrate that a social group was, for asylum, "one central reason," 8 U.S.C.

§ 1158(b)(1)(B)(i), and, for withholding, "a reason," for her harm, *id.*

§ 1231(b)(3)(C); *see Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021).

Quinteros Alvarado stated that, after her community environmental organization

began to give trainings in San Sebastian, El Salvador, a gang member told her that

if she continued to "come to that place," she "would suffer the consequences of

having entered their territory." It was therefore reasonable for the Board to conclude that the gang targeted her "because she had entered the gang's territory, not because of her involvement in environmental activities."

2. The immigration judge denied petitioners' CAT claim on two grounds, concluding that petitioners did not show that they were more likely than not to be tortured if returned to El Salvador or that the Salvadoran government would be more likely than not to acquiesce in any harm. *See* 8 C.F.R. § 1208.18(a); *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Before the Board, petitioners did not respond to the immigration judge's finding that they failed to meet their burden of showing that it was more likely than not that they would be tortured if returned to El Salvador. Before this court, they do not challenge the Board's conclusion that they forfeited any challenge to the immigration judge's determination regarding likelihood of future torture. Petitioners have therefore forfeited their CAT claim before this court as well.

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal (Dkt. No. 3) is otherwise denied.

**PETITION DENIED.**