NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 19 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALI ISAK ABDI,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.    25-186

Agency No. A241-144-467

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2025[**]
San Francisco, California

Before:  BOGGS,[***] BRESS, and MENDOZA, Circuit Judges.

Ali Isak Abdi, a native and citizen of Somalia, petitions this court for review

of the decision of the Board of Immigration Appeals (BIA) denying his application

for asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Torture (CAT). Where the BIA issues a one-judge decision and summarily affirms the immigration judge (IJ) without opinion, 8 C.F.R. § 1003.1(e)(4), we review the IJ decision as the final agency action. *Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011) (per curiam). We review factual findings, including credibility determinations, for substantial evidence, and those findings may only be overturned if the record compels a contrary conclusion. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022); *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). We do not reweigh the evidence or replace the IJ's factual findings with our own. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.      Substantial evidence supports the IJ's finding that Abdi was not a credible witness and that he provided insufficient corroborating evidence to support his claim for asylum and withholding of removal.[1] To establish eligibility for asylum, a petitioner must "demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility for withholding of removal, a petitioner must "prove that it is more likely than not"

---

[1] In his briefing, Abdi does not challenge the IJ's denial of CAT protection and he has therefore waived that claim. *Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020).

that he will be persecuted "because of" membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see* 8 U.S.C. § 1231(b)(3)(A). For both forms of relief, a petitioner must show that his past or feared persecution bears a nexus to a protected ground. *Garcia v. Wilkinson*, 988 F.3d 1136, 1143, 1146–47 (9th Cir. 2021).

A petitioner has the burden of proving his eligibility for relief and protection from removal with credible evidence. *See* 8 U.S.C. §§ 1158(b)(1)(B), 1229a(c)(4), 1231(b)(3)(C). As required by the REAL ID Act, the IJ considered the totality of the circumstances—including Abdi's demeanor, candor and responsiveness, and the inherent plausibility of, and internal consistency between, Abdi's testimony and written statements—and provided "specific and cogent" reasons for determining that Abdi was not a credible witness. Real ID Act, 8 U.S.C. § 1158(b)(1)(B)(iii); *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010).

2.    Substantial evidence supports the finding that Abdi's identification documents were fraudulent and unreliable. His birth certificate and certificate of identity had been digitally altered and his certificate of identity stated that he had been married more than a year before, according to his testimony, he even met his wife, contradicting his claim of persecution based on interclan marriage. Abdi gave two differing accounts on how he obtained his identity documents, and he failed to explain those inconsistencies and omissions when given the opportunity to do so.

Abdi also provided conflicting and unresponsive testimony regarding where his father lived and why his father could not provide a supporting affidavit to the court. The IJ noted the internal inconsistency of Abdi's clan-based claim as he testified both that he did not think marrying a majority-clan member would put his life in peril and, yet, that he also feared death from the clan.

Having found Abdi noncredible, the IJ considered independent evidence that Abdi provided in support of his claims. *Kalulu v. Bondi*, 128 F.4th 1009, 1023 (9th Cir. 2024). The IJ held that the corroborating evidence provided through various affiants lacked reliability because they 1) were all given, signed, and translated on the same day at the same place by the same notary, 2) contained similar or identical wording, and 3) substantively were inconsistent with or unsupportive of Abdi's claims. Abdi also provided two medical documents that lacked contemporaneous treatment notes and were drafted years after the medical care was provided. The translated versions of the documents used the original hospital stamp and doctor's signature, raising suspicion as to the legitimacy of both the translations and the original clinic records.

An adverse credibility determination may be overturned in "only the most extraordinary circumstances," as "IJs are in the best position to assess demeanor and other credibility cues." *Shrestha*, 590 F.3d at 1041. Such extraordinary circumstances do not exist here.

4

**PETITION DENIED.**[2]

---

[2] Abdi's motion to stay removal, Dkt. 5, is denied.  The temporary stay of removal shall remain in place until the mandate issues.