NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XINGDONG WANG,<br><br>             Petitioner,<br><br>  v.<br><br>PAMELA BONDI, Attorney General,<br><br>             Respondent. | No.    18-71648<br><br>Agency No. A206-207-281<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2026**
Pasadena, California

Before:  GRABER, CLIFTON, and JOHNSTONE, Circuit Judges.

Xingdong Wang, a native and citizen of China, petitions for review of a

decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from

an immigration judge's ("IJ") denial of his applications for asylum and

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

withholding of removal.[1] Where, as here, the BIA's decision "adopts particular parts of the IJ's reasoning," we review the BIA's decision and those parts of the IJ's decision that the BIA adopts. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). We review adverse credibility determinations for substantial evidence. *Id.* We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the adverse credibility determination. The IJ properly considered the "totality of the circumstances." 8 U.S.C. § 1158(b)(1)(B)(iii). In doing so, the IJ articulated "specific and cogent reasons" based on the record to support the adverse credibility determination, *Iman*, 972 F.3d at 1064 (citation omitted), and addressed "the petitioner's explanation for a perceived inconsistency and other record evidence that sheds light on whether there is in fact an inconsistency at all," *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (internal citation omitted).

The agency's determination rests on two sets of inconsistencies. The *first* set of inconsistencies stems from Wang's alleged injuries and subsequent medical treatment: Although Wang originally testified that he received medical treatment "[a] few days after [his] release" in late August of 2013, this statement was inconsistent with his later testimony that he received treatment "[a]pproximately

---

[1] Wang abandoned his claim under the Convention Against Torture by failing to raise it in his brief before this court. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020).

18-71648

between September 25th and 27th." The *second* set of inconsistencies stems from Wang's employment status: Wang testified that he returned to work on a full-time schedule "one or two days" after he was released by the police, but in his declaration and later testimony, he stated that after he was released, his wife told him that he had been fired. These inconsistencies are compounded by Wang's employment contract, which ended in 2012. "[W]hen an inconsistency is at the heart of the claim it doubtless is of great weight." *Shrestha*, 590 F.3d at 1047.

Wang does not argue that he meets his burden to establish his asylum or withholding of removal claims absent a reversal of the credibility determination.

**PETITION DENIED.**