NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J. JESUS CHAVEZ TEJA,<br><br>        Petitioner,<br><br> v.<br><br>PAMELA BONDI, Attorney General,<br><br>        Respondent. | No.   18-71280<br><br>Agency No. A098-290-758<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2026[**]
Pasadena, California

Before:  GRABER, BRESS, and JOHNSTONE, Circuit Judges.

Petitioner J. Jesus Chavez Teja,[1] a native and citizen of Mexico, timely seeks

review of a Board of Immigration Appeals' ("BIA") decision affirming an

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[1] Although agency documents contain different spellings of Petitioner's name, Petitioner's birth certificate and other identity documents reflect that his name is spelled "J. Jesus Chavez Teja."  Accordingly, we use that spelling in this disposition.

immigration judge's ("IJ") denial of Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Where, as here, the BIA reviews the record and the applicable law, we review "the BIA's decision, except to the extent the IJ's opinion is expressly adopted." Owino v. Holder, 771 F.3d 527, 531 (9th Cir. 2014) (per curiam) (citation omitted). We deny the petition for review.

1. Petitioner does not challenge the agency's finding that any harm he suffered in the past or fears in the future is not on account of a cognizable protected ground for the purposes of asylum or withholding of removal. Petitioner therefore forfeits that issue, see Nguyen v. Barr, 983 F.3d 1099, 1102 (9th Cir. 2020), and he cannot establish eligibility for asylum or withholding of removal, see Rodriguez Tornes v. Garland, 993 F.3d 743, 750–51 (9th Cir. 2021) (describing the requirements for asylum and withholding of removal).

2. Substantial evidence supports the agency's denial of Petitioner's CAT claim. See Shrestha v. Holder, 590 F.3d 1034, 1048 (9th Cir. 2010) (stating the standard of review and the requirements for a CAT claim). The agency found that Petitioner's testimony was not credible. In the alternative, the agency concluded that, even if Petitioner's testimony were credible, he did not establish state involvement in any torture because he did not present persuasive evidence that his kidnappers were police officers. Petitioner asserted that he saw one person

wearing a badge, which he could not read, and that his kidnappers carried guns and spoke like police officers. Petitioner's wife and pastor also testified that the kidnappers claimed that they were the police when they tried to extort ransom money from them. But at times, Petitioner testified that he only "suspect[ed]" that his kidnappers were police officers. In sum, even assuming that Petitioner's testimony was credible, the record does not compel the conclusion that Petitioner's kidnappers were police officers. See Garland v. Ming Dai, 593 U.S. 357, 371 (2021) ("[E]ven if the BIA treats an alien's evidence as credible, the agency need not find his evidence persuasive or sufficient to meet the burden of proof."); cf. De Leon v. Garland, 51 F.4th 992, 1000, 1008 (9th Cir. 2022) (remanding a CAT claim where the petitioner presented "significant pieces of evidence" that his attackers were police officers, including identifying his attackers by name). Accordingly, we need not and do not reach the issue of Petitioner's credibility.

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.