**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KINGSLEY OTUYA,<br><br>        Petitioner,<br><br>  v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>        Respondent. | No. 24-5221<br><br>Agency No.<br>A204-945-187<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 23, 2026
Pasadena, California

Before: FRIEDLAND and MILLER, Circuit Judges, and SCARSI, District Judge.[**]

Kingsley Otuya, a native and citizen of Nigeria, petitions for review of a decision of the Board of Immigration Appeals ("BIA"). The BIA affirmed the decision of an Immigration Judge ("IJ") denying deferral of removal under the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Mark C. Scarsi, United States District Judge for the Central District of California, sitting by designation.

Convention Against Torture ("CAT") as part of a final order of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the agency's "factual findings for substantial evidence and may set aside a factual determination only if the record compels a contrary conclusion." *Akosung v. Barr*, 970 F.3d 1095, 1102 (9th Cir. 2020); *see* 8 U.S.C. § 1252(b)(4)(B)).

1. Otuya argues that the agency erred by failing to give reasoned consideration to all evidence supporting his risk of future torture if he returns to Nigeria. *Parada v. Sessions*, 902 F.3d 901, 914-15 (9th Cir. 2018) ("CAT's implementing regulations explicitly require the agency to consider 'all evidence relevant to the possibility of future torture,' and we have repeatedly reversed where the agency has failed to do so." (quoting 8 C.F.R. § 1208.16(c)(3))). To succeed on such an argument, a petitioner bears a "heavy burden" of overcoming the presumption that the agency reviewed all relevant evidence. *Cruz v. Bondi*, 146 F.4th 730, 737 (9th Cir. 2025).

Otuya has not satisfied that burden here. The agency expressly considered documentary exhibits including declarations, a police report, and general country conditions evidence, as well as Otuya's testimony regarding corruption in Nigeria and an attack on his family in Lagos. Otuya has not demonstrated that the agency ignored key evidence or materially misstated the record. *Id.* at 739 ("[I]f nothing

in the record reveals that the agency did not consider all the evidence, a general statement that the agency considered all evidence before it shall suffice."). Even if the agency drew a different inference from Otuya regarding the motivations behind the attack on his family, and even if we might not have drawn the same inference if reviewing the record in the first instance ourselves, that does not establish that the agency ignored or misstated evidence. *See Smith v. Garland*, 103 F.4th 663, 672 (9th Cir. 2024) ("[T]he agency's decision to credit some parts of the record over others does not mean it ignored relevant evidence.").

2.      Substantial evidence supports the agency's denial of CAT relief. When a petitioner advances a single theory regarding the risk of torture,[1] "but the torture will come about only if several hypothetical events all occur in sequence, an applicant must show, at a minimum, that the individual probability of each event occurring is greater than 50 percent." *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1155 (9th Cir. 2022). The BIA concluded that one link in the causal chain—that Otuya's former criminal boss would learn of Otuya's deportation and find Otuya if he was deported to Nigeria—was too speculative. Nothing in the record compels an alternative conclusion, so Otuya is unable to establish a

---

[1] Although Otuya briefly testified to a second theory, about a risk of torture from the Nigerian government itself, he did not raise that theory in his opening brief. Otuya has thus forfeited any argument premised on that second theory. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020).

sufficient likelihood of torture. *See Matter of J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (A.G. 2006) (noting that a petitioner "will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur").

**PETITION DENIED.**