**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

SEP 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YUBIAN INGRID PEREZ GARCIA, | No. 23-152 |
| Petitioner, | Agency No. A206-307-834 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2024[**]
Seattle, Washington

Before: W. FLETCHER and SUNG, Circuit Judges, and RAKOFF, District Judge.[***]

Yubian Ingrid Perez Garcia (Perez Garcia), a native and citizen of El

Salvador, petitions for review of a Board of Immigration Appeals (BIA) decision

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

dismissing her appeal from an Immigration Judge's (IJ) order denying her application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA reviewed the IJ's factual findings for clear error, and reviewed de novo all other issues, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted. We review the BIA's determinations of purely legal questions de novo, and factual findings for substantial evidence. Under the substantial evidence standard, we uphold the agency's determination unless compelled to conclude to the contrary." *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (citations and internal quotation marks omitted).

"Both asylum and withholding depend on a finding that the applicant was harmed, or threatened with harm, on account of a protected ground. One such ground is that the applicant is a member of a particular social group." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 833 (9th Cir. 2022). Perez Garcia argues that she established a well-founded fear of future persecution on account of her membership in the proposed particular social group of "Salvadoran females who reside in gang-controlled areas." The BIA assumed that this proposed social group is cognizable, but affirmed the IJ's finding that Perez Garcia did not "establish a nexus between her past and feared future harm and her membership" in that

group.[1]  This finding is supported by substantial evidence. Perez Garcia's testimony supports the IJ's finding that the gang members were motivated by their desire to take alcohol, and she does not identify any evidence that compels the conclusion that they were motivated by her membership in the proposed social group. "[H]arassment by criminals motivated by theft or random violence by gang members" is not persecution on account of a protected ground. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

The BIA also affirmed the IJ's finding that Perez Garcia "did not establish that there is a pattern or practice of persecution of Salvadoran females who reside in gang-controlled areas, which the Salvadoran government is unwilling or unable to control." Perez Garcia's country conditions evidence indicates that gender-based violence is a significant problem, particularly in gang-controlled areas. The evidence, however, also indicates that such violence affects women and girls in specific circumstances. Therefore, the BIA's finding is supported by substantial evidence.

Perez Garcia also argues that, because her notice to appear was defective under 8 U.S.C.§ 1229(a)(1)(G)(i), this matter should be remanded to the BIA under

---

[1] The BIA also affirmed the IJ's finding that Perez Garcia did not experience harm rising to past persecution in El Salvador. Because Perez Garcia does not meaningfully challenge that finding on appeal, we do not address it. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020) (issues not raised in the opening brief are waived).

*Matter of Fernandes*, 28 I. & N. Dec. 605 (B.I.A. 2022). *Fernandes*, however, requires a remedy only for petitioners who "made a timely objection to [a] noncompliant notice to appear," and an objection is timely only "if it is raised prior to the closing of pleadings before the Immigration Judge." *Id.* at 610–11. Because Perez Garcia made no objection before the closing of pleadings before the IJ, she is not entitled to remand.

**AFFIRMED.**