**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GERARDO ONORIO LOPEZ-
GABRIEL; GERADO LOPEZ-SERRONO,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-3843

Agency Nos.
A220-321-673
A220-321-675

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2024[**]
Pasadena, California

Before: RAWLINSON, CHRISTEN, and JOHNSTONE, Circuit Judges.

Gerardo Onorio Lopez-Gabriel (Lopez-Gabriel) and his minor child,[1] natives

and citizens of Guatemala, petition for review of a decision from the Board of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Petitioner's minor child was included as a derivative beneficiary on Petitioner's
asylum application.

Immigration Appeals (BIA) dismissing their appeal of the denial of Lopez-Gabriel's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

We review the BIA's legal conclusions de novo and factual findings for substantial evidence. *See Nguyen v. Barr*, 983 F.3d 1099, 1101 (9th Cir. 2020). "Under the substantial evidence standard, we uphold the agency's determinations unless, based on the evidence, any reasonable adjudicator would be compelled to conclude to the contrary." *Hermosillo v. Garland*, 80 F.4th 1127, 1131 (9th Cir. 2023) (citation and internal quotation marks omitted).

1.      Substantial evidence supports the denial of asylum because Lopez-Gabriel failed to establish a nexus between the proposed particular social group of "former employees of [Lopez-Gabriel's former employers]" and any past or future harm. The Immigration Judge (IJ) found that the asserted persecutors were motivated by their criminal endeavors. *See Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021) (stating that "an applicant must show he was individually targeted on account of a protected ground rather than simply the victim of generalized violence.") (citation omitted). Lopez-Gabriel did not know who left a threatening note for his former boss, who stole firewood from his home, or who knocked on the door when he was with his mother and sister. This evidence does not compel the conclusion that the incidents Petitioner experienced or any harm he fears upon

his return would be on account of a statutorily protected ground. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1022-23 (9th Cir. 2023) (discussing the failure to establish a nexus between the feared harm and a protected ground).

2.      Because Lopez-Gabriel did not show any nexus between the harm suffered or feared and his proposed social group, both his asylum claim and withholding of removal claim are foreclosed. *See id*. at 1018 (explaining that if the "protected grounds were not 'a reason' for [Petitioner's] past persecution or feared future persecution," both "asylum and withholding claims" are "necessarily defeat[ed]") (citation omitted).

3.      Substantial evidence supports the denial of CAT relief. As the BIA observed, the threats and economic deprivation Petitioner suffered, without more, did not rise to the level of past torture. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005) (threats); *Vitug v. Holder*, 723 F 3d. 1056, 1066 (9th Cir. 2013) (economic deprivation). "[T]he existence of past torture is ordinarily the principal factor on which we rely…." *Edu v. Holder*, 624 F.3d 1137, 1145 (9th Cir. 2010) (footnote reference and internal quotation marks omitted). And the record evidence does not compel the conclusion that Lopez-Gabriel will more likely than not face a "*particularized* and *non-speculative* risk" of torture if returned to Guatemala. *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (citation omitted) (emphasis in the original).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal shall remain in place until the mandate issues. Lopez-Gabriel's Motion for Stay of Removal is otherwise denied.

23-3843