**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JAN 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE ALFARO VELASQUEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-1725

Agency No.
A095-013-106

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2025[**]
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and RAKOFF, District
Judge.[***]

Jose Alfaro Velasquez (Alfaro Velasquez), a native and citizen of El

Salvador, petitions for review of a decision of the Board of Immigration Appeals

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

(BIA) dismissing his appeal of the denial by an Immigration Judge (IJ) of his application for asylum and withholding of removal.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

Because Alfaro Velasquez does not challenge the BIA's ruling that he failed to file a timely asylum application or demonstrate extraordinary circumstances for his untimely filing, he has waived this issue, and the untimely filing of his application renders him ineligible for asylum. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020); *see also* 8 U.S.C. § 1158(a)(2)(B) (providing that a noncitizen must "demonstrate[] by clear and convincing evidence that the application has been filed within 1 year after the date of the [noncitizen's] arrival in the United States").

In any event, substantial evidence supports the BIA's alternative determination that Alfaro Velasquez did not demonstrate that any harm that he suffered due to gang violence in El Salvador was on account of a protected ground as required for his asylum and withholding of removal claims. *See Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (explaining that "[w]e review for

---

[1] Alfaro Velasquez has waived any challenge to the denial of his claim under the Convention Against Torture, because he did not sufficiently raise the issue in his opening brief or before the BIA. *See Chmukh v. Garland*, No. 21-1096, -- F.4th --, 2024 WL 5196020, at *3 n.1 (9th Cir. Dec. 23, 2024). Alfaro Velasquez has similarly waived any challenge to the BIA's denial of his cancellation of removal claim. *See id.*

substantial evidence the agency's determination that a petitioner has failed to establish eligibility for asylum or withholding of removal") (citation, alteration, footnote reference, and internal quotation marks omitted). "A nexus between the harm and a protected ground is a necessary element of asylum and withholding of removal." *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023), *as amended* (citation omitted). "For asylum, the protected characteristic must be a central reason for the past or feared harm. . . ." *Id.* (citation and internal quotation marks omitted). "For withholding of removal, an applicant must show only that a protected ground is a reason for future persecution." *Id.* (citation and internal quotation marks omitted).

Alfaro Velasquez contends that he is entitled to asylum and withholding of removal because, approximately twenty years ago, he was threatened, robbed, and beaten by a gang that attempted to recruit him. However, his "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010), *as amended* (citations omitted); *see also Garcia v. Wilkinson*, 988 F.3d 1136, 1145 (9th Cir. 2021) (observing that "general opposition to gangs and gang recruitment are not protected grounds") (citation omitted). "Accordingly, the BIA properly ruled that [Alfaro Velasquez] did not meet his burden of proving that the potential harm he would suffer in El Salvador was on account of a

protected ground such as race, religion, nationality, membership in a particular social group, or political opinion." *Zetino*, 622 F.3d at 1016 (citation and internal quotation marks omitted).[2,3]

**PETITION DENIED.**

---

[2] Alfaro Velasquez maintains that he intends to file a motion to reopen because his counsel rendered ineffective assistance during his removal proceedings. We lack jurisdiction over this issue that was not previously raised before the BIA. *See Benedicto v. Garland*, 12 F.4th 1049, 1062 (9th Cir. 2021).

[3] The temporary stay of removal continues until the mandate issues.