**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDWIN ALFREDO LOPEZ,

Petitioner,

v.

JAMES R. MCHENRY III, Acting Attorney General,

Respondent.

No. 23-1286

Agency No.
A075-641-805

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 13, 2025[**]
Pasadena, California

Before: TASHIMA, RAWLINSON, and M. SMITH, Circuit Judges.

Edwin Alfredo Lopez (Alfredo Lopez) is a native and citizen of El Salvador.

He petitions for review of a Board of Immigration Appeals (BIA) decision

dismissing his appeal of the denial of his application for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

"Our review is limited to the BIA's decision, except to the extent that the [Immigration Judge's] opinion is expressly adopted. We review questions of law de novo. We review factual findings under the substantial evidence standard. Under this standard, a factual finding is not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Singh v. Garland*, 97 F.4th 597, 602–03 (9th Cir. 2024) (citations, alterations, and internal quotation marks omitted).

**1.** Substantial evidence supports the BIA's denial of asylum and withholding of removal. Alfredo Lopez's proposed particular social group (PSG) of "witnesses to gang violence" is not cognizable under our precedent. *See, e.g., Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020) (concluding that petitioner's PSG of "persons who report the criminal activity of gangs to the police" was not cognizable) (internal quotation marks omitted). Alfredo Lopez could not establish a cognizable PSG based on having witnessed a murder committed by gang members, without more. *See Nguyen v. Barr*, 983 F.3d 1099, 1104 (9th Cir. 2020) (affirming BIA's denial of petitioner's applications for asylum and withholding of removal when petitioner failed to establish a cognizable PSG).

**2.** Substantial evidence also supports the BIA's denial of CAT relief. To be eligible for CAT protection, an applicant must establish that "it is more likely than not that he or she would be tortured if removed." *Colin-Villavicencio v. Garland*, 108 F.4th 1103, 1115 (9th Cir. 2024) (citation omitted). "Torture . . . must be inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity . . ." *Id.* (citation and internal quotation marks omitted). Under our precedent, evidence of threats and one physical attack by gang members does not establish a particularized risk of torture. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022). The generalized country conditions evidence from El Salvador does not compel the conclusion that future torture is likely to occur with the consent or acquiescence of a Salvadoran government official. *See Colin-Villavicencio*, 108 F.4th at 1115 (noting that "a government does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it") (citation and alteration omitted).

      **PETITION DENIED.**[1]

---

[1] The stay of removal will remain in place until the mandate issues. The motion for stay of removal is otherwise denied.