NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE GUADALUPE PELAYO
BRAMBILA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1924

Agency No.
A205-714-920

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2025[**]
Pasadena, California

Before: SCHROEDER, MILLER, and DESAI, Circuit Judges.

Jose Guadalupe Pelayo Brambila, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order affirming the

Immigration Judge's denial of asylum, withholding of removal, and protection

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). Petitioner sought relief on the ground that he feared persecution on account of membership in a "particular social group." 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). The social group he proposed was "Mexican citizens who are long-time residents of the [United States]."

The BIA affirmed the denial of asylum and withholding because the proposed group lacked definitive boundaries and particularity to be recognized as a discrete group. *See Reyes v. Lynch*, 842 F.3d 1125, 1135–36 (9th Cir. 2016). Petitioner does not meaningfully contest this determination, which is supported by the record and our case law. *See Nguyen v. Barr*, 983 F.3d 1099, 1103 (9th Cir. 2020) (Particularity requires a group definition that "provide[s] a clear benchmark for determining who falls within the group" and establishes "definable boundaries." (citation omitted)).

Substantial evidence supports the agency's denial of CAT protection because Petitioner has not demonstrated that he will face any particularized threat of torture by or with the acquiescence of officials in Mexico. *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021); 8 C.F.R. § 1208.16(c)(2).

**PETITION DENIED.**