**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

JENSIN ALEJANDRO RODRIGUEZ-
GARCIA; STEVEN JOEL RODRIGUEZ-
GARCIA,

               Petitioners,

  v.

PAMELA BONDI, Attorney General,

               Respondent.

No. 23-2711

Agency Nos.
A208-743-747
A208-743-748

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2025[**]
Pasadena, California

Before: PAEZ, IKUTA, and R. NELSON, Circuit Judges.

Jensin Alejandro Rodriguez Garcia and Steven Joel Rodriguez Garcia,

brothers and natives and citizens of Honduras, petition for review of a decision by

the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We review the BIA's factual determinations for substantial evidence and review de novo its legal determinations. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We may reverse factual determinations "only if the evidence compels a conclusion contrary to the BIA's." *Id.* We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition.

**1.** The BIA determined that Petitioners were ineligible for asylum and withholding of removal because they failed to demonstrate a well-founded fear of persecution on account of membership in a particular social group. We find no error in this determination.

Even assuming that the proposed social group of "Hondurans . . . reporting [gang recruitment] activities" is cognizable, substantial evidence supports the agency's determination that there is "no indication that the gang seeks to harm them for that reason." Indeed, there is no evidence that Petitioners were harmed or faced threats of harm after they filed their police report. Accordingly, we agree with the BIA that Petitioners have not demonstrated the requisite nexus between this protected ground and past or future feared harm for either asylum or

withholding of removal.[1]

We also agree with the BIA that Petitioners did not identify membership in any other cognizable social group. First, we agree that "Hondurans actively protesting gang recruitment" is not defined with particularity because it is unclear here what "actively protesting" means and whom this group encompasses. *See Nguyen v. Barr*, 983 F.3d 1099, 1103 (9th Cir. 2020) (requiring "discrete" and "definable boundaries" and a "clear benchmark for determining who falls within the group" (citation omitted)).[2]

Second, we do not address whether Petitioners are eligible for relief on the basis of their newly articulated proposed social group of "persons who have immediate family members (i.e. a sibling) who are seeking to forcibly recruit them." Because the BIA was not "sufficiently on notice so that it had an opportunity to pass on this issue," the issue is unexhausted. *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (quotations and citation omitted). And because the government properly raised the exhaustion requirement, the panel may not consider this issue. *See Shen v. Garland*, 109 F.4th 1144, 1157 (9th Cir. 2024).

---

[1] Petitioners argue that the BIA incorrectly applied clear error review to the IJ's ultimate nexus determination. *See Umana-Escobar*, 69 F.4th at 552. There is no indication, however, that the BIA did not review de novo the ultimate legal question.
[2] Because we agree that this proposed group is not particular, we do not address other reasons advanced by the BIA for why the group is not cognizable.

Because Petitioners failed to demonstrate a well-founded fear of persecution on account of membership in a cognizable social group, we deny their petition for review as to asylum and withholding of removal.

**2.** Substantial evidence supports the BIA's determination that Petitioners have not demonstrated a particularized threat of torture. Petitioners were never physically harmed by a gang, and there is no evidence in the record that since leaving their hometown in 2015, Petitioners or their family still living in Honduras have faced any threats of torture. Their generalized country conditions evidence does not compel a contrary conclusion. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051-52 (9th Cir. 2008). This issue is dispositive of Petitioners' CAT claim, so we deny their petition for review as to CAT relief. *See id.*; 8 C.F.R. § 1208.16(c)(2).[3]

**PETITION DENIED.**

---

[3] We do not address whether Petitioners forfeited any challenge to the agency's determination that they did not demonstrate a particularized risk of torture. The government briefed the issue, so we may review it in any case. *See Cal. Chamber of Comm. v. Council for Educ. & Rsch. on Toxics*, 29 F.4th 468, 482 (9th Cir. 2022) ("[W]e have 'discretion to review an issue . . . when it is raised in the appellee's brief.'" (citation omitted)).