**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IGNACIO PENALOZA ALCANTAR; MARIA GUADALUPE ORTUNO RAMOS, | No. 23-3652 |
| Petitioners, | Agency Nos. A075-748-001 A075-748-002 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2025**
Pasadena, California

Before: PAEZ, IKUTA, and R. NELSON, Circuit Judges.

Ignacio Penaloza-Alcantar and Maria Guadalupe Ortuno Ramos, natives and

citizens of Mexico, petition for review of an order from the Board of Immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appeals (BIA).  The BIA dismissed petitioners' second motion to reopen proceedings sua sponte.  We deny the petition for review for lack of jurisdiction.

We lack jurisdiction to review motions to reopen proceedings sua sponte except for legal or constitutional error.  *Lona v. Barr*, 958 F.3d 1225, 1234–35 (9th Cir. 2020).  Petitioners cannot show that the BIA committed such error.  *Cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).  The BIA did not err by noting that petitioners' motion to reopen was "untimely and number-barred," and the BIA correctly articulated the applicable standard governing its exercise of discretion.  Consistent with the governing regulation, 8 C.F.R. § 1003.2(a), the BIA examined whether petitioners had "made out a prima facie case for relief," *id.*, and concluded that they had not.  The BIA's decision "evince[d] no misunderstanding" about its exercise of discretion, and thus we lack authority to review petitioners' claims.  *Lona*, 958 F.3d at 1234–35.

Moreover, petitioners made no colorable argument that the BIA deprived them of their due process rights.[1]

**PETITION DENIED.**

---

[1] As to petitioners' claims that the agency erred in not granting them administrative closure, petitioners did not make an argument in their opening brief that the BIA's decision not to terminate their proceedings was unlawful. Therefore, petitioners have forfeited review of that claim by raising it for the first time in their reply brief. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020) (holding that a petitioner waives review of an aspect of the BIA's decision by not contesting that aspect of the BIA's decision in the opening brief).

In addition, petitioners' second motion to reopen proceedings sua sponte did not request administrative closure or prosecutorial discretion, so petitioners also failed to exhaust their request before the agency. *See Arsdi v. Holder*, 659 F.3d 925, 930 (9th Cir. 2011).

3