NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SUCELI ELIZABETH LOPEZ
LOPEZ; HENRY BLADIMIR TISTA
CASTANEDA; OSTIN BLADIMIR TISTA
LOPEZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-540

Agency Nos.
A220-590-711
A220-590-712
A220-590-713

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2025**
Pasadena, California

Before: GILMAN***, M. SMITH, and VANDYKE, Circuit Judges.

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

***    The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

Petitioners Suceli Elizabeth Lopez Lopez, Henry Bladimir Tista-Castaneda, and their minor child petition for review of a decision by the Board of Immigration Appeals (BIA) dismissing their appeal of a ruling by an Immigration Judge (IJ) that denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

1. The BIA did not err in denying Petitioners' claims for asylum and withholding of removal. Petitioners argue that they were persecuted in the past and have a well-founded fear of future persecution due to their membership in two particular social groups: (1) Guatemalan business owners, and (2) the Lopez family. We review de novo whether a particular social group is cognizable. *Nguyen v. Barr*, 983 F.3d 1099, 1101 (9th Cir. 2020). As to the first proposed group, the BIA correctly concluded that Guatemalan business owners do not constitute a cognizable social group. We held in *Macedo Templos v. Wilkins*on, 987 F.3d 877, 882–83 (9th Cir. 2021), that the proposed group of "wealthy business owners" was not cognizable because, among other things, business ownership is "not fundamental to an individual's identity" and is therefore not immutable. Petitioners give us no reason to reject the application of that holding in the present case.

As to the second proposed group, the BIA's conclusion that Petitioners failed to establish a nexus between their family ties and the harm that they suffered is

supported by substantial evidence, which is the appropriate standard of review for factual determinations. *See Rodriguez Tornes v. Garland*, 993 F.3d 743, 750 (9th Cir. 2021). The BIA reasonably concluded that the adult Petitioners were targeted for extortion solely because of their wealth and that the gang's only motivation in attempting to kidnap Petitioners' son was to force Petitioners to comply with the gang's extortion demands.

We have held previously that "[w]here the record indicates that the persecutor's actual motivation for threatening a person is to extort money from a third person, the record does not compel finding that the persecutor threatened the target because of a protected characteristic such as family relation." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023). Because Petitioners have not shown a nexus between a cognizable particular social group and the harm they suffered, their asylum and withholding claims fail. *See id.* at 1016 ("For both asylum and withholding claims, a petitioner must prove a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm.").

2.      As to Petitioners' CAT claims, substantial evidence supports the BIA's determination that Petitioners failed to show that they would more likely than not be tortured by or with the consent or the acquiescence of a public official upon their return to Guatemala. The harm that Petitioners suffered in the past does not rise to

the level of torture, and there is no evidence that the gang members sought out Petitioners or their family members after the extortion deadline passed. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) ("[S]peculative fear of torture is not sufficient to satisfy the applicant's burden.").

Moreover, the country conditions report submitted by Petitioners demonstrates only that the Guatemalan government has been ineffective in controlling crime—not that government officials would consent to or acquiesce in the gang's activities. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Nor does evidence that a government has been generally ineffective in preventing or investigating criminal activities raise an inference that public officials are likely to acquiesce in torture, absent evidence of corruption or other inability or unwillingness to oppose criminal organizations.").

**PETITION DENIED.**