NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

SONIA YAMILETH GONZALEZ-
VASQUEZ; ANDREA ALEJANDRA
ESTRADA-GONZALEZ; ABNER JOSUE
ESTRADA-GONZALEZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-3772

Agency Nos.
A220-597-370
A220-151-723
A220-151-724

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2025[**]
Pasadena, California

Before: BADE and SUNG, Circuit Judges, and KANE, District Judge.[***]

Sonia Yamileth Gonzalez-Vasquez and her two minor children (collectively,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

Petitioners), natives and citizens of El Salvador, petition for review of the Board of Immigration Appeals' (BIA) dismissal of their appeal from an Immigration Judge's (IJ) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition in part, deny it in part, and remand for further proceedings.[1]

"We review questions of law de novo and factual determinations for substantial evidence." *Amaya v. Garland*, 15 F.4th 976, 986 (9th Cir. 2021). "Where, as here, the BIA reviewed the IJ's factual findings for clear error, and reviewed de novo all other issues, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (citation and internal quotation marks omitted). In reviewing the BIA's decision, "we consider only the grounds relied upon by [the] agency." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).

1.      The BIA erred by determining that Petitioners waived any challenge to the IJ's finding that Petitioners failed to establish a nexus between persecution and a protected ground. Petitioners' brief to the BIA sufficiently challenged the IJ's nexus determination by requesting reversal of that finding and arguing that certain facts demonstrated that the harm Petitioners suffered (and the future harm

_____

[1] The stay of removal remains in place until the mandate issues.

they feared) was due to their membership in two particular social groups. Because Petitioners' brief "put the BIA on notice of what was being challenged," *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020), the BIA erred by determining that Petitioners waived any challenge to the IJ's nexus finding. And because the BIA dismissed Petitioners' claims for asylum and statutory withholding of removal solely on waiver grounds, we remand to the BIA to reconsider those claims. *See Garcia*, 988 F.3d at 1142.

2. In their opening brief, Petitioners do not challenge the BIA's determination that they waived review of the IJ's denial of protection under CAT. Thus, the issue is forfeited. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020).

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.[2]**

---

[2] Costs are awarded to Petitioners.

23-3772