NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM NOE FLORES TEJADA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-946

Agency No.
A208-542-894

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2025**
Pasadena, California

Before: R. NELSON and VANDYKE, Circuit Judges, and COLE, District
Judge.***

Petitioner William Noe Flores Tejada ("Flores Tejada") seeks review of a

Board of Immigration Appeals ("BIA") decision dismissing an appeal from a

decision by an Immigration Judge ("IJ"), which denied Flores Tejada's requests for

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Douglas Russell Cole, United States District Judge for the
Southern District of Ohio, sitting by designation.

asylum, withholding of removal, and Convention Against Torture ("CAT") protection. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition. Because the parties are familiar with the facts of this case, we do not repeat them here.

When reviewing final orders of the BIA, we apply the highly deferential substantial evidence standard to the agency's factual findings. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). Under this standard, the agency's factual findings are considered "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* (citation omitted). We review questions of law de novo. *Id.* In circumstances where "the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018).

1. Substantial evidence supports the agency's determination that Flores Tejada's proposed Particular Social Group ("PSG") of "former Salvadorean athletes who are well recognized and easily identified because of their social status" is not legally cognizable. To be cognizable, a petitioner's proposed PSG must "provide a clear benchmark for determining who falls within the group," and "the relevant society must have a 'commonly accepted definition[]' of the group." *Nguyen v. Barr*, 983 F.3d 1099, 1103 (9th Cir. 2020) (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 214 (BIA 2014)). The unclear boundaries of the terms "athlete," "well

recognized," and "easily identified" fail to establish the "clear benchmark" required to assess who belongs to the group and who does not. Because Flores Tejada failed to define his proposed PSG with sufficient particularity, the record does not compel the conclusion that Flores Tejada would suffer any persecution on account of his membership in a legally cognizable PSG. This conclusion is dispositive of Flores Tejada's asylum and statutory withholding of removal claims.

2. Flores Tejada has both failed to exhaust and waived his request for CAT protection. The BIA explicitly found that Flores Tejada waived his CAT claim before the agency by not "meaningfully challeng[ing] the Immigration Judge's determination that he did not demonstrate that the Salvadoran government would consent or acquiesce to his torture." Flores Tejada does not address this failure to exhaust before this court. Nor has he presented any argument in his opening brief before this court in support of his CAT claim.

**PETITION DENIED.**