**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MEILIN ROSELLINI MONCADA-OCHOA; R.K.G.-M., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No.   17-72854 <br><br> Agency Nos. <br> A206-720-216 <br> A206-720-217 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2026[**]
Pasadena, California

Before:  OWENS, VANDYKE, and H.A. THOMAS, Circuit Judges.
Concurrence by Judge VANDYKE.

Meilin Rosellini Moncada-Ochoa and her minor child are natives and

citizens of Honduras. They petition for review of a decision of the Board of

Immigration Appeals ("BIA") affirming without opinion an order of an

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration Judge ("IJ") denying Moncada-Ochoa's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. Where, as here, "the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency action." *Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011) (per curiam) (citation omitted). We deny the petition.

1. Before the BIA, Petitioners did not challenge the IJ's determination that their proposed particular social group ("PSG") of "non-unionized small business owners in Honduras" was not cognizable. Where, as here, the government has raised the failure to comply with the statutory exhaustion requirement, *see* 8 U.S.C. § 1252(d)(1), we may not review unexhausted arguments, *see Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) ("Because we agree with the government that [Petitioner] failed to exhaust the alleged claim-processing violation as required under 8 U.S.C. § 1252(d)(1), we deny this portion of the petition."). Petitioners have also forfeited this issue by failing to "specifically and distinctly" argue on appeal that the IJ erred in finding that their proposed PSG was not cognizable. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (citation

---

[1] Moncada-Ochoa's child is a derivative beneficiary of her asylum application. The minor child did not file separate applications for withholding of removal and CAT protection. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, derivative relief is not available with respect to withholding of removal or CAT protection).

omitted).[2]

2. Moncada-Ochoa makes no argument on appeal about her CAT claim, and has thus forfeited the claim. *See id.*

**PETITION DENIED.**[3]

---

[2] Because the lack of a cognizable PSG is dispositive of Petitioners' asylum claim and Moncada-Ochoa's withholding of removal claim, we do not reach their remaining arguments. *See Nguyen v. Barr*, 983 F.3d 1099, 1104 (9th Cir. 2020).

[3] The temporary stay of removal remains in place until the mandate issues.



*Moncada-Ochoa, et al. v. Bondi*, No. 17-72854
VANDYKE, Circuit Judge, concurring:

For the reasons stated in *Rojas-Espinoza v. Bondi*, 160 F.4th 991 (9th Cir. 2025) (per curiam)—and because Petitioners showed no likelihood of success on the merits—I would not leave the temporary stay of removal in place.